■ E.B.A. WHOLESALE CORP., Respondent, v S. B. MECHANICAL CORP., Appellant, and BARRY COHEN et al., Respondents.— In an action to recover for goods sold and delivered the defendant S. B. Mechanical Corp. (hereinafter S. B.) appeals from (1) an amended order of the Supreme Court, Kings County (Hurowitz, J.), dated February 10, 1986, which granted the plaintiff's motion for summary judgment to the extent of awarding the plaintiff summary judgment against it, and severed the action against the defendants Barry Cohen and

Marcia Cohen, and (2) a judgment of the same court, dated February 13, 1986, which is in favor of the plaintiff and against it in the principal amount of $3,670.67.

Ordered that so much of the appeal from the amended order as granted the plaintiff's motion for summary judgment to the extent of awarding it summary judgment against S. B. is dismissed; and it is further,

Ordered that the amended order is affirmed insofar as reviewed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The issues raised on so much of the appeal from the intermediate amended order as granted the plaintiff's motion for summary judgment to the extent of awarding it summary judgment against S. B. must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action against S. B. *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on so much of the appeal from the amended order as granted summary judgment against S. B. are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]). Therefore, on the appeal from the amended order, we review only the portion which severed the action as against the defendants Barry Cohen and Marcia Cohen.

At the outset, we note that in the interest of justice and judicial economy, we have overlooked the technical defect in the appeal from the amended order dated February 10, 1986, and deem the notice of appeal therefrom to also be a premature notice of appeal from the subsequent judgment entered upon that amended order *(see,* CPLR 5520 [c]; *Turnpike Woods v Town of Stony Point,* 121 AD2d 715; *Frankel v Manufacturers Hanover Trust Co.,* 106 AD2d 542; *Men's World Outlet v Estate of Steinberg,* 101 AD2d 854).

In 1984, the defendants Barry Cohen and Marcia Cohen (sued as Marcy Cohen), entered into a contract with S. B. for the renovation of the Cohens's residence. Pursuant to the terms of the contract, S. B. agreed to provide all labor and materials, including goods and merchandise, in connection with the renovation project. As part of the renovation project, S. B. sent a purchase order to the plaintiff in March 1985 for the purchase and delivery of several household appliances, including a refrigerator, oven and dishwasher, which were to be delivered to the Cohens's residence. S. B. paid a deposit in the amount of $1,835.33, leaving an outstanding balance of

$3,670.67 on the order. On or about May 16, 1985, the defendant Marcia Cohen contacted the plaintiff by telephone and requested delivery of all of the items set forth in the aforesaid purchase order. According to the plaintiff, Marcia Cohen allegedly agreed to pay the outstanding balance due on the purchase order upon delivery of said items. Marcia Cohen denied that such a promise was made. On May 18, 1985, the plaintiff delivered the requested merchandise to the Cohen residence. A receipt for the same was signed by the defendant Barry Cohen; however, neither the Cohens nor S. B. tendered payment on the outstanding balance.

In August 1985 the plaintiff commenced the instant action against S. B. and the Cohens seeking to recover the balance due for the delivered merchandise. In response to the complaint, the Cohens and S. B., *inter alia,* asserted cross claims against each other for indemnification. In January 1986 the plaintiff moved for summary judgment against the defendants. The court granted summary judgment to the plaintiff only as against S. B. and severed the plaintiff's claim against the Cohens. We affirm.

S. B. contends that it acted as the Cohens's agent in procuring the merchandise from the plaintiff, and since it was acting on behalf of a disclosed principal, it was therefore not liable for the outstanding balance due on the merchandise *(see, Savoy Record Co. v Cardinal Export Corp.,* 15 NY2d 1; *Tender Loving Care Agency v Hladun,* 111 AD2d 162). We disagree. It is well settled that an agency relationship "results from the manifestation of consent by one person to another that the other act on his behalf and subject to his control, and consent by the other so to act" *(Smirlock Realty Corp. v Title Guar. Co.,* 70 AD2d 455, 464; Restatement [Second] of Agency § 1). In contrast, "[a]n independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right to control with respect to his physical conduct in the performance of the undertaking" (Restatement [Second] of Agency § 2 [3]). There is absolutely no evidence in the record to establish that S. B. acted as the Cohens's agent. In view of the terms of the contract entered into between S. B. and the Cohens, it is patently clear that S. B. was an independent contractor inasmuch as the Cohens did not exercise any control over the renovation project. It is also significant that S. B., not the Cohens, paid the deposit on the purchase order submitted to the plaintiff. Based on these facts, the court

correctly determined that S. B. was liable for the balance due on the merchandise delivered to the Cohens's residence.

In conclusion, we note that the plaintiff's claim against the Cohens was severed by the terms of the court's amended order, dated February 10, 1986, and no appeal was taken from that portion of the order. While we affirm the granting of summary judgment in favor of the plaintiff against S. B., we emphasize that the plaintiff, in no event, will be entitled to double recovery. Mollen, P. J., Bracken, Brown and Spatt, JJ., concur.