■ MIKLOS HAJBA et al., Respondents, v H. E. SILANDER, Defendant, and MYRA SILANDER, Appellant. [634 NYS2d 786] —Peters, J. Appeal from an order of the Supreme Court (Bradley, J.), entered December 7, 1994 in Ulster County, which denied defendant Myra Silander's motion for summary judgment dismissing the complaint and all cross claims against her.

Defendant Myra Silander (hereinafter defendant) and her husband, defendant H. E. Silander (hereinafter Silander), entered into an oral agreement concerning the construction of a one-family residential dwelling on defendant's property in Ulster County. Pursuant to this arrangement, defendant would convey to Silander the type of structure she envisioned and he, as a carpenter by trade, would accommodate such requests to the best of his ability. Defendant and Silander agreed that she would pay Silander an hourly wage and reimburse him for all costs associated with the project, which included payments incurred in the hiring of all other individuals deemed necessary for the completion of the project. They further agreed that he would prepare the building plans, supervise other workers, coordinate their activities and personally participate in the details of the construction.

Plaintiff Miklos Hajba (hereinafter plaintiff) was thereafter hired by Silander to perform certain roofing work on the aforementioned dwelling. In connection therewith, plaintiff fell

off the ladder which was provided by Silander and injured his back, arm and leg. Plaintiff and his wife, derivatively, commenced this action alleging, *inter alia*, that his injuries were the result of defendant's violation of Labor Law §§ 200, 240 (1) and § 241 (6). Defendant moved for summary judgment which was denied by Supreme Court, finding a triable issue concerning the existence of an agency relationship. Defendant appeals and we affirm.

Acknowledging defendant's submission of proof evidencing that the relationship between herself and Silander was not founded on the principles of agency (*see, Russin v Picciano & Son*, 54 NY2d 311; *D'Amico v New York Racing Assn.*, 203 AD2d 509; *E.B.A. Wholesale Corp. v S. B. Mech. Corp.*, 127 AD2d 737) but was more akin to that of an independent contractor (*see, E.B.A. Wholesale Corp. v S. B. Mech. Corp., supra*, at 737), we find that plaintiffs have effectively sustained their burden (*see, Zuckerman v City of New York*, 49 NY2d 557) by producing sufficient evidence to raise a triable issue concerning the existence of an agency relationship (*see, D'Amico v New York Racing Assn., supra; E.B.A. Wholesale Corp. v S. B. Mech. Corp., supra*). Plaintiff submitted Silander's deposition testimony which indicated that defendant was the "ultimate authority" on all decisions made by Silander since she was the one who provided all of the funds. Defendant's deposition testimony, also proffered by plaintiff, indicated that the house being constructed was for their mutual benefit and that she entrusted Silander to build it in accordance with the details she provided. There was further evidence that defendant consulted with Silander with respect to the size and location of rooms, types of rooms, type of building materials to be utilized as well as details of the construction. Accordingly, we find that the Supreme Court properly denied the motion for summary judgment (*see, Gates v Brower*, 9 NY 205; *see also, Maurillo v Park Slope U-Haul*, 194 AD2d 142).

We further find Supreme Court to have properly determined that there were triable issues of fact as to whether Silander exerted the requisite degree of control over plaintiff and whether Silander had prior notice of the conditions which allegedly caused plaintiff's accident. Plaintiff's deposition testimony indicates that the ladder from which he fell was provided by Silander, that Silander insisted that he begin work on the east side of the building where the accident occurred, and that the ground upon which it was necessary to place the ladder was uneven and soft as a result of rainfall from the previous night. Plaintiff further testified that due to wood pre-

servative having been placed upon the fascia board by Silander, the board was extremely slippery, causing the movement of the ladder and the subsequent accident.

In light of conflicting testimony concerning whether Silander exercised the requisite control over plaintiff at the time of the accident, whether Silander had knowledge, actual or constructive, regarding the conditions which caused the accident (*see, Lombardi v Stout*, 80 NY2d 290; *Lawyer v Rotterdam Ventures*, 204 AD2d 878, *lv dismissed* 84 NY2d 864; *Rapp v Zandri Constr. Corp.*, 165 AD2d 639), and whether such actions can be imputed to defendant such that the exemption typically available to owners of one and two-family dwellings would now be inapplicable (*see, Relyea v Bushneck*, 208 AD2d 1077; *Chura v Baruzzi*, 192 AD2d 918; *cf., Douglas v Beckstein*, 210 AD2d 680; *Lane v Karian*, 210 AD2d 549), we find summary judgment to have been properly denied.

Mercure, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.