OPINION OF THE COURT
Doris Ling-Cohan, J.
This motion presents a novel issue: Is an entity which enters into a contract with the New York City School Construction Authority (NYCSCA or the Authority) to renovate a school an *709 “agent” and thereby entitled to the benefit of the one-year statute of limitations contained in Public Authorities Law § 1744?
In this action, plaintiff Oscar Marmolejo claims that defendants NYCSCA and Bri-Den are liable for injuries he allegedly sustained on June 21, 2001 when a piece of concrete fell from the wall of a classroom at the Manhattan School for Career Development. As acknowledged by plaintiff, this action was commenced on July 9, 2002. Both defendants move for summary judgment.
Defendant Bri-Den
Defendant Bri-Den seeks summary judgment of dismissal on the grounds that plaintiffs claims are time-barred since this action was not commenced within one year of the alleged accident. Bri-Den maintains that it is an agent of the NYCSCA and that, pursuant to Public Authorities Law § 1744, it is thereby protected by the one-year statute of limitations provided therein. In opposition, plaintiff argues that there is no basis to conclude that persons or entities entering into a contract with the NYCSCA to renovate a school are subject to the one-year statute of limitations contained in section 1744.
The standards for summary judgment are well settled. The movant must tender evidence, by proof in admissible form, to establish the cause of action “sufficiently to warrant the court as a matter of law in directing judgment.” (CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980].) “Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers.” (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985].) To grant summary judgment it must be clear that no material and triable issue of fact is presented. (See Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395 [1957].) The court should draw all reasonable inferences in favor of the nonmoving party, and should not pass on issues of credibility. (Dauman Displays v Masturzo, 168 AD2d 204 [1st Dept 1990].)
Applying the above well-settled principles, defendant BriDen’s motion for summary judgment is denied as it has not established entitlement to dismissal as a matter of law. Public Authorities Law § 1744 expressly extends its one-year statute of limitations for the commencement of proceedings to “agents” of the NYCSCA. Specifically, Public Authorities Law § 1744 (1) provides, in relevant part, as follows:
“no action or proceeding shall be prosecuted or maintained against the authority, or any member, *710 officer, agent, or employee thereof, for personal injury or damage to real or personal property alleged to have been sustained by reason of the negligence or wrongful act of the authority or of such member, officer, agency or employee thereof, unless * * * the action or proceeding shall be commenced within one year after the happening of the event upon which the claim is based.”
No definition of the word “agent” appears in the definitions section of the New York City School Construction Act, thus the court is to look to its plain meaning. (See Village of Chestnut Ridge v Howard, 92 NY2d 718, 723 [1999] [choosing, in the absence of any controlling statutory definition, to construe terms “in accordance with their plain, ordinary, functional meanings”].)
Defendant Bri-Den argues that the ordinary legal definition of “agent,” as defined by Black’s Law Dictionary, should apply.[1] Defendant further contends that the Legislature’s inclusion of “agent” in section 1774, in addition to “member, officer or employee,” represents the legislative intent that “agent” mean something more than a mere employee of the NYCSCA. In support of this argument, defendant refers to the language chosen by the Legislature in drafting Public Authorities Law § 1745, which specifically excludes “agents” from other classes of potential defendants when dealing with limiting their liability.[2]
*711 Assuming arguendo that defendant’s arguments are correct, upon the submitted papers defendant failed to establish as a matter of law the existence of an agency relationship between Bri-Den and the NYCSCA, which would entitle Bri-Den to the protection of the one-year statute of limitations set forth in section 1744. The issue of whether Bri-Den is an agent of the NYCSCA is a factual one which needs to be decided by a jury.
The only evidence offered to show that Bri-Den is an agent of the NYCSCA is the contract between the NYCSCA and BriDen, which falls short of establishing that it is an “agent.” Defendant specifically refers to paragraph 1 of such contract which states that “the undersigned hereby submits a binding offer to furnish the design, all plant, labor, materials, supplies, equipment and all other facilities things, matters and work necessary, proper or incidental to all work required by and in strict accordance with the applicable provisions * * However, that Bri-Den contracted to do the necessary work on the subject premises is not by itself sufficient to establish an agency relationship between the two entities as a matter of law. (See E.B.A. Wholesale Corp. v S.B. Mech. Corp., 127 AD2d 737, 739-740 [2d Dept 1987].)
It is well settled that an agency relationship “results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.” (See Smirlock Realty Corp. v Title Guar. Co., 70 AD2d 455, 464 [2d Dept 1979] [citing Restatement (Second) of Agency § 1], mod on other grounds 52 NY2d 179 [1981]; Pensee Assoc. v Quon Indus., 241 AD2d 354, 359 [1st Dept 1997]; E.B.A. Wholesale Corp., 127 AD2d at 739.) However, “an independent contractor is a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other’s right to control with respect to his physical conduct in the performance of the undertaking.” (See E.B.A. Wholesale Corp., 127 AD2d at 739, quoting Restatement [Second] of Agency § 2 [3].) Although an independent contractor may also be an agent,[3] defendant has submitted insufficient evidence to establish, as a matter of law, that Bri-Den acted as an agent of the NYCSCA. Rather, the contract relied upon by defendant specifically refers to Bri-Den as the NYCSCA’s “independent contractor” whereby “the *712 conduct and control of the [w]ork shall be entirely [Bri-Den]’s responsibility at all times.” (See exhibit D, notice of motion, at BC-3.)
When the circumstances raise the issue of whether an individual or entity is an agent or an independent contractor but “ ‘ “where no written authority of the agent has been proven, questions of agency and of its nature and scope * * * are questions of fact to be submitted to the jury under proper instructions by the court.” ’ ” (See Fogel v Hertz Intl., 141 AD2d 375, 376 [1st Dept 1988] [citations omitted]; Garcia v Herald Tribune Fresh Air Fund, 51 AD2d 897 [1st Dept 1976].) Accordingly, defendant Bri-Den’s motion is denied as the court finds that material issues of fact exist as to whether Bri-Den is an agent of the NYCSCA and entitled to the benefit of the one-year statute of limitations set forth in Public Authorities Law § 1744.
Defendant NYCSCA
The motion for summary judgment by defendant NYCSCA is deemed moot, as plaintiff discontinued this action against such defendant by stipulation dated January 1, 2003.
Conclusion
Based upon the above, it is ordered that defendants’ motion for summary judgment is denied as to defendant Bri-Den and deemed moot as to defendant NYCSCA. Within 30 days of entry of this decision/order, plaintiff shall serve a copy upon all parties with notice of entry.

. Black’s Law Dictionary defines an agent as: “A person authorized by another to act for or in place of him; one intrusted with another’s business * * * One who represents and acts for another under the contract or relation of agency. A business representative, whose function is to bring about, modify, aifect, accept performance of, or terminate contractual obligations between principal and third persons. One who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it. One who acts for or in place of another by authority from him; a substitute, a deputy, appointed by principal with power to do things which principal may do. One who deals not only with things, as does a servant, but with persons, using his own discretion as to means, and frequently establishing contractual relations between his principal and third persons.
“One authorized to transact all business of principal, or all of principal’s business of some particular kind, or all business at some particular place.” (Black’s Law Dictionary 63 [6th ed 1990] [citations omitted].)

. Public Authorities Law § 1745 provides in relevant part that “[n] either the members of the board nor any officers or employers of the authority acting on behalf thereof, while acting within the scope of such person’s authority, shall be subject to any liability resulting from carrying out any of the powers expressly given in this title.”

. See Restatement (Second) of Agency § 14N, Comment (b) (describing nonagent independent contractors as “builders and others who have contracted to accomplish physical results not under the supervision of the one who has employed them to produce the results”).