Burrell v. Sowers

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-three.

PRESENT:  RAYMOND J. LOHIER, JR.,
     BETH ROBINSON,
     ALISON J. NATHAN,
      *Circuit Judges*.

------------------------------------------------------------------

Ako K. Burrell,

   *Plaintiff-Appellant*,

  v.              No. 22-2687

Jennifer Sowers, Oneida County Dietician, FKA John Doe, Trinity Food Service Group Incorporated, Oneida County Food Service, Robert Maciol, (Oneida County) Sheriff, Oneida County, Gregory Pflieger, Chief of Oneida County Jail,

1

Robert Swenszkowski, Under Sheriff
of (Oneida County),

*Defendants-Appellees,*

Anthony Picente, Oneida County
Executive, Mello Testa, (Oneida
County) Director of Purchasing,
Shelley Nowak, (Oneida County)
Assistant Director of Purchasing,
Peter Rayhill, (Oneida County)
Attorney, SM Dental, CBM Medical,
Sunday, Global Teleink, Defendant's
President, Carpio, Global Tellink,
Chief Executive Officer, Lisa Negal,
Oneida County Jail Nurse, Gabrielle
Liddy, Former Oneida County Jail
Chief, Global Telecommunication
Link Incorporated Oneida County
Phone Service Provider, Correctional
Medical Care, Oneida County
Medical Administrator, Medical P.C.,
Oneida County Medical Service
Provider, Dental P.C., Oneida
County Dental Service Provider,

*Defendants.*[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is instructed to amend the caption as listed above, including the correct spelling of Pflieger.

FOR PLAINTIFF-APPELLANT: Ako K. Burrell, *pro se*, Marcy, NY

FOR DEFENDANTS-APPELLEES
JENNIFER SOWERS, TRINITY FOOD
SERVICE GROUP INCORPORATED: Richard David Lane, Jr., Marshall Dennehey Warner Coleman & Goggin, P.C., New York, NY

FOR DEFENDANTS-APPELLEES
ROBERT MACIOL, ONEIDA COUNTY
ROBERT SWENZSKOWSKI, GREGORY
PFLEIGER: David A. Bagley, Kernan Professional Group LLP, Oriskany, NY

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Appellant Ako K. Burrell, proceeding *pro se*, appeals from an October 3, 2022 judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*) granting summary judgment in favor of Appellees[1] and

[1] Appellees are Oneida County, Robert Maciol, Robert Swenszkowski, and Gregory Pflieger (collectively, the "County Defendants"), as well as Trinity Food Service Group ("Trinity"), and Jennifer Sowers ("Sowers"), Trinity's employee.

dismissing Burrell's claim under 42 U.S.C. § 1983 that he was served a calorically deficient diet as a pretrial detainee at Oneida Correctional Facility. On appeal, Burrell challenges the District Court's conclusion that a general release agreement signed by Burrell on February 7, 2020 (the "General Release") unambiguously released Appellees from liability in this case. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review a district court's grant of summary judgment *de novo* and in the light most favorable to the non-moving party. *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013). We review a district court's interpretation of a contract *de novo*. *See Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 41 (2d Cir. 2006).

"It is well established that [s]ettlement agreements are contracts and must therefore be construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quotation marks omitted). The parties agree that we interpret the General Release by applying New York law. *See Olin Corp. v. Consol. Aluminum Corp.*, 5 F.3d 10, 15 (2d Cir. 1993). Under New York law, "[w]ords of general release are clearly operative not only as to all

4

controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies." *A.A. Truck Renting Corp. v. Navistar, Inc.*, 916 N.Y.S.2d 194, 196 (2011) (quotation marks omitted).

First, Burrell argues that the General Release is ambiguous and that the District Court should therefore have considered extrinsic evidence of the parties' intent regarding the nature and scope of the release. We disagree. Under New York law, a contract is unambiguous "if the contract language has a definite and precise meaning . . . and concerning which there is no reasonable basis for a difference of opinion." *Orchard Hill Master Fund Ltd. v. SBA Commc'ns Corp.*, 830 F.3d 152, 157 (2d Cir. 2016) (quotation marks omitted). "Ambiguity is determined by looking within the four corners of the document, not to outside sources." *JA Apparel Corp. v. Abboud*, 568 F.3d 390, 396 (2d Cir. 2009) (quotation marks omitted); *see Law Debenture Tr. Co. of New York v. Maverick Tube Corp.*, 595 F.3d 458, 467 (2d Cir. 2010).

Here, the General Release states, in relevant part, that in exchange for receiving $10,000.00 in consideration, Burrell "releases and forever discharges"

certain parties, including the County Defendants and its agents,

> from any and all causes or rights of action, suits, actions, claims, or damages whatsoever which the undersigned Releasor has, ever had, or may have arising out of any actions, inactions, conduct, decisions, behavior, or events occurring on or before the date of this Release of Claims, including, but not limited to, any such claims arising out of Releasees' activities in regard to Releasor which were asserted, or could have been asserted, in the actions entitled *Burrell v. Rothdeiner et al.*, Civil Action No. 9:17-cv-00906 and *Burrell v. Maciol et al.*, Civil Action No. 9:19-cv-00160, in the United States District Court for the Northern District of New York, in which Releasor is Plaintiff, alleging claims *inter alia* under 42 U.S.C. § 1983, including without limitation claims for damages, costs, and attorney's fees.

County Defs.' Supp. App'x 2.

As an initial matter, although the General Release does not explicitly reference the instant case, the release makes clear that it is "not limited to" those cases that it specifically references. *Id.* Instead, the General Release applies to any claim that arose prior to February 7, 2020, when the release is dated. Here, the initial complaint was filed on December 30, 2019. We therefore agree with the District Court that the General Release clearly bars the claims against Appellees in the instant action, *see Orchard Hill Master Fund Ltd.*, 830 F.3d at 157, and that the District Court did not err in declining to consider extrinsic evidence.

Burrell also argues that Appellees Trinity and Sowers were independent contractors rather than agents, and thus not covered by the General Release,

6

which applies only to certain named defendants, including the County of Oneida, as well as its "predecessors, successors, heirs, executors, administrators, trustees and assigns, insurers, *agents*, attorneys, representatives, and employees." County Defs.' Supp. App'x 2 (emphasis added). We disagree. The Restatement (Second) of Agency, which New York courts cite to articulate principles of agency, *see, e.g.*, *Morpheus Capital Advisors LLC v. UBS AG*, 23 N.Y.3d 528, 536 (2014), advises that "[o]ne who contracts to act on behalf of another and subject to the other's control . . . is an agent and also an independent contractor," *Restatement (Second) of Agency* § 14N (1958). In other words, the terms "independent contractor" and "agent" are not mutually exclusive; "an independent contractor may also be an agent" if the contractor is subject to the principal's control. *Marmolejo v. N.Y.C. Sch. Constr. Auth.*, 761 N.Y.S.2d 772, 775 (Sup. Ct. 2003); *cf. United States v. Thomas*, 377 F.3d 232, 237-38 (2d Cir. 2004). Here, the Inmate Food Service Contract made clear that Oneida County exerted significant control over both Trinity and Sowers as an employee of Trinity.[2] *See*

---

[2] First, the Inmate Food Service Contract bid requirements extensively regulated the parameters of the contractor's program as a whole. The rules also provide for day-to-day methods of control by the County and its correctional staff. Section III.A.3 of the contract provides that the eventual vendor will operate the food service program according to "directives from the [County] Sheriff and his supervisory

7

Sowers Supp. App'x 170–73. Trinity and Sowers were therefore also agents of

Oneida County in connection with providing vendor services to the Oneida

Correctional Facility and were thus covered by the General Release. *See*

*Marmolejo*, 761 N.Y.S.2d at 775.

Lastly, Burrell also argues that his signature on the General Release was

obtained through fraud and duress. That argument, however, is not supported

by the record. *See Nelson v. Lattner Enters. of N.Y.*, 969 N.Y.S.2d 614, 617 (2013)

(noting that "bare allegations are insufficient to state a cause of action to set aside

the release [agreement] upon the ground that it was procured by duress")

(quotation marks omitted).

Accordingly, we conclude that the District Court did not err in granting

summary judgment in favor of Appellees.

---

personnel." Sowers Supp. App'x 170. And the bid requirements note in a number of places where the Sheriff or the Sheriff's designee can give specific directives and requests to the Contractor. Sowers Supp. App'x 171–73. Moreover, inmate staff are to work as part of the food service operations, but they are allowed to do so "subject to the overall control of the Correctional Facility." Sowers Suppl. App'x 175.

We have considered Burrell's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>