(October 29, 1990)

■ SALVATORE CAPRITTO et al., Appellants, v DAVID L. FLYNN ASSOCIATES et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Durante, J.), dated March 13, 1989, which, upon granting the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, to dismiss the complaint for failure to make out a prima facie case of negligence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The instant action arises out of a two-vehicle accident which occurred on January 20, 1986, on Woodhaven Boulevard in Queens County. The gravamen of the plaintiffs' action was that the defendant Eugene McGowan was negligent in failing to avoid the accident.

At trial, the plaintiff Salvatore Capritto could not remember how the accident happened, due to the severity of his injuries. However, other testimony adduced during the plaintiffs' case indicated that a Toyota Corolla driven northbound on Woodhaven Boulevard by the plaintiff Salvatore Capritto inexplicably went out of control, jumped the concrete, 8-inch-high and 5-foot-wide divider separating northbound and southbound traffic, and struck a Ford van which was being driven southbound on Woodhaven Boulevard, in an otherwise proper man-

ner, by the defendant McGowan. The uncontradicted testimony of the defendant McGowan, who was called as a witness by the plaintiffs, indicated that he observed the plaintiffs' Toyota in the air coming over the divider a "split second before impact" and applied his brakes. Under these circumstances, the plaintiffs failed to establish a prima facie case that the defendant was negligent in failing to avoid impact. Nor does the amnesia of the plaintiff Salvatore Capritto compel a different result. Although a "plaintiff who suffers amnesia as the result of a defendant's acts is not held to as high a degree of proof in establishing his right to recover for injury as a plaintiff who can describe the events" *(Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 333), he must "still establish a prima facie case" *(Sawyer v Dreis & Krump Mfg. Co., supra,* at 334).

Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint at the close of the plaintiffs' case. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.