■ DAVID B. McKINNEY, Respondent, v BELTRANY SETTEDUCATTI et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brucia, J.), dated April 5, 1990, as denied their motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the terms of a contract between the defendants and the plaintiff's employer, the plaintiff was hired to install new roof shingles upon the defendants' roof. In the course of this job the plaintiff put up scaffolding planks secured to the underlying roof structure. The plaintiff was allegedly injured when one of the planks upon which he was standing came loose from the roof structure, causing the plaintiff to fall off the roof.

The plaintiff's complaint attributed the accident to the defendants' alleged negligence in permitting a dangerous condition, i.e., a deteriorated roof structure, to exist upon their premises and failing to give notice of its existence. In their motion for summary judgment the defendants argued that the plaintiff had assumed this risk since it was inherent in the work that the plaintiff's employer had been engaged to perform.

The Supreme Court denied summary judgment, finding that, based upon the contract, there is a material and triable issue of fact as to whether the condition of the underlying roof

structure was so inherently connected with the proposed work as to constitute a risk which the plaintiff assumed by undertaking the work. We agree.

Upon a motion for summary judgment the court's function is one of issue-finding rather than issue determination *(see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *see also, Rotuba Extruders v Ceppos,* 46 NY2d 223). Upon the record before us there appears, *inter alia,* a triable issue of fact as to whether or not the plaintiff was injured as a result of a defect within the scope of the job which he agreed to perform *(see, Baum v Rowland,* 281 App Div 964). Accordingly, the potential application of the doctrine of assumption of risk involves factual issues better left to resolution after trial *(see, Henig v Hofstra Univ.,* 160 AD2d 761). Mangano, P. J., Bracken, Pizzuto and Santucci, JJ., concur.