OPINION OF THE COURT
Mary M. Werner, J.
Motion by plaintiff for an order pursuant to CPLR 3212 granting summary judgment in favor of plaintiff Horizon Hobby Distributors against the defendants, Salvatore Gurriero and David Hoffman, and two separate cross motions by defendants David Hoffman and Salvatore Gurriero both seeking summary judgment are determined as follows.
This is an action for breach of contract wherein plaintiff seeks $16,822.26, which sum it claims defendants owe for certain goods delivered to defendants.
Essentially, defendants claim that plaintiff has sued the wrong entity. Plaintiff argues that the named defendants should not be allowed to avoid personal liability because they concealed the corporate status of Island Hobbies and Raceways. According to plaintiff, on March 13, 1987, defendants entered into a partnership to engage in a retail hobby business in Central Islip and filed a business certificate for partners, doing business under the name of Island Hobbies & Raceway of Suffolk. On December 6, 1987, Hoffman executed a dealer application with plaintiff. This application which is submitted as an exhibit indicated that defendants were partners and that they requested an open account with plaintiff.
Plaintiff approved the application, which remained open until defendants allegedly breached the contract. Meanwhile, it is undisputed that on January 27, 1989, the partnership was incorporated under the name LAJS, Inc. assuming the name of Island Hobbies and Raceway. According to plaintiff, defendants never notified plaintiff that the partnership was dissolved, but rather continued to use the partnership account as if the partnership existed.
Plaintiff claims that if it were aware of the corporate status of Island Hobbies, it would have required personal guaranties.
Defendant David Hoffman claims that he notified plaintiff that Island Hobbies had become a division of LAJS, Inc., but cannot find documentation to support this. He does submit numerous checks submitted to plaintiff bearing the name LAJS, Inc., under the name Island Hobbies. For his part defendant Gurriero claims that he sold his interest to Hoff *223 man on December 1, 1988. In the stock purchase agreement, Hoffman agreed to indemnify and hold Gurriero harmless against any loss, cost or expense arising from the breach of any representation, warranty or agreement made by Hoffman.
Plaintiff claims that the defendants should be estopped from escaping personal liability and cites two 1904 New York State Supreme Court cases'for the proposition that an officer or agent of a corporation is estopped from raising corporate status and escaping personal liability, where the officer or agent failed to disclose or concealed the existence of the corporation at the time of the writing. Here, there was no corporation at the time of the writing; it came into existence later on.
There is no question that defendants properly filed a certificate of assumed name by a corporation as required by General Business Law § 130. "The purpose of requiring the filing of a certificate by persons operating under an assumed name or as partners is to protect the public, to afford the public information as to the identity of persons conducting the business, to prevent deception and confusion” (Reed v Pelley, 112 Misc 2d 382 [Sup Ct, Broome County 1982]).
However, since defendants opened an account with plaintiff as a partnership, plaintiff would have no reason to check the files of the Secretary of State to determine the status of the store. To require the public to continually check the filings to determine the status of the persons they are doing business with would place an onerous burden upon the public. Plaintiff has a right to rely on the status of Island Hobbies when it opened the account. In this case simply filing the certificate pursuant to General Business Law § 130 would be insufficient to place plaintiff on notice that Horizon Hobby was part of a corporation. There are factual questions as to whether defendants Island Hobbies notified plaintiff as to its change of status. Defendants both claim they provided such notice. Plaintiff denies this. "Upon a motion for summary judgment the court’s function is one of issue finding rather than issue determination” (McKinney v Setteducatti, 183 AD2d 879, 880 [2d Dept 1992]). Accordingly, plaintiff’s motion for summary judgment and defendants’ cross motion seeking summary judgment dismissing the complaint are denied.
That part of plaintiff’s motion seeing to dismiss Hoffman’s third affirmative defense alleging lack of personal jurisdiction is granted since Hoffman has failed to rebut the presumption *224 created by the properly executed affidavit of service that jurisdiction was properly obtained.
With respect to that part of defendant Gurriero’s motion seeking summary judgment against codefendant Hoffman, Gurriero provides proof that when Hoffman purchased his shares of Island Hobbies, he also agreed to hold Gurriero harmless for such claims. Hoffman has failed to provide any evidence to rebut this. Accordingly, Gurriero is granted summary judgment on his cross claim against Hoffman.