■ SCOTT GILLINDER, Respondent, v DIERDERIK G. HEMMES et al., Respondents, and ROB E. SCHERMAN et al., Appellants. [748 NYS2d 786] —In an action to recover damages for personal injuries, the defendants Rob E. Scherman and American Waste Control of New York, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated June 25, 2001, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims insofar as asserted against the defendants Rob E. Scherman and American Waste Control of New York, Inc., are dismissed, and the action against the remaining defendants is severed.

The action arises out of a motor vehicle accident that occurred on November 24, 1997, in Greenville. The defendant Dierderik G. Hemmes was driving a U-Haul truck northbound on Mountain Road. He failed to stop for a stop sign at the corner of Mountain Road and Route 6. He proceeded into the intersection where his truck was involved in a collision with a vehicle driven by the defendant Rob E. Scherman. Scherman was traveling westbound on Route 6 in a vehicle owned by his employer, the defendant American Waste Control of New York, Inc. (hereinafter American Waste Control). After the collision, Hemmes continued through the intersection and struck the plaintiff's vehicle, allegedly stopped at a stop sign on the other side of Mountain Road. According to his affidavit, Scherman had been driving within the speed limit and was unable to avoid the collision because it was sudden and unexpected.

In support of their motion, Scherman and American Waste Control demonstrated their entitlement to judgment as a matter of law by establishing that Hemmes violated Vehicle and Traffic Law § 1172 by failing to stop his vehicle at a stop sign before proceeding into the intersection where he collided with Scherman's vehicle (*see Disher v Ahern,* 294 AD2d 393; *Puccio v Caputo,* 272 AD2d 387). Scherman, who had the right-of-way, was entitled to assume that Hemmes would obey the traffic laws requiring him to yield (*see* Vehicle and Traffic Law § 1142 [a]; *Stiles v County of Dutchess,* 278 AD2d 304; *Cenovski v Lee,* 266 AD2d 424).

Although discovery has not yet occurred, we do not agree with the Supreme Court's conclusion that it would be premature to grant summary judgment to the movants at this time. Before a party can defeat a motion for summary judgment claiming ignorance of facts due to unconducted discovery, he must show that he has made reasonable attempts to discover these facts and that the facts sought would give rise to a triable issue (*see Cruz v Otis El. Co.,* 238 AD2d 540). Here, the parties opposing the motion made no such showing. They merely speculated that Scherman may have been negligent in the operation of his vehicle, and this is insufficient to defeat the motion (*see Parisi v Mitchell,* 280 AD2d 589; *Szczotka v Adler,* 291 AD2d 444). Florio, J.P., S. Miller, Crane and Mastro, JJ., concur.