■ Alice Koller, Appellant, v Joseph Leone et al., Respondents. [751 NYS2d 266] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 26, 2001, as granted those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that she was injured when she slipped

and fell while descending a step in front of a premises owned by the defendant Joseph Leone and leased to the defendant Larry's Auto Collision. The defendants established their entitlement to summary judgment dismissing the complaint insofar as asserted against them by demonstrating that any determination as to what caused the plaintiff to fall would be based on speculation (*see Bitterman v Grotyohann,* 295 AD2d 383; *Novoni v La Parma Corp.,* 278 AD2d 393). The evidence offered by the plaintiff in opposition was insufficient to raise a triable issue of fact. The plaintiff testified at her deposition that she did not know where the accident occurred or what caused her to fall. In a later affidavit submitted in opposition to the motions, she stated that she lost her footing and fell from a step located outside the door. Contrary to the plaintiff's contention, the Supreme Court properly refused to consider the later statement as it was a feigned factual issue designed to avoid the consequences of the earlier admission (*see Nieves v ISS Cleaning Servs. Group,* 284 AD2d 441; *Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256).

While the plaintiff offered expert evidence that the concrete step failed to conform to the applicable provisions of the New York City Building Code, the expert's assertion that this alleged defect was a proximate cause of the plaintiff's accident was not based on admissible evidence in the record, was purely speculative, and was insufficient to raise a triable issue of fact (*see Masterson v City of New York,* 272 AD2d 591).

The request by the defendant Larry's Auto Collision that we modify so much of the order as directed it to pay the costs of Leone's defense, must be rejected. This issue is not properly before us, as Larry's Auto Collision did not file a timely notice of appeal (*see* CPLR 5513, 5515), and this Court is without power to grant such relief to a nonappealing party (*see Hecht v City of New York,* 60 NY2d 57, 61).

The plaintiff's remaining contentions are without merit. Smith, J.P., Schmidt, Adams and Cozier, JJ., concur.