■ ANIBAL BLANCO, Appellant, v "JOHN" OLIVERI et al., Respondents. [758 NYS2d 376] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated June 21, 2002, as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on Labor Law § 200, and, in effect, granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action based on common-law negligence.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff fell from the roof while he was painting the defendants' house. The complaint alleges, among other things, that the defendants' negligence in the maintenance of their premises, as well as their violation of Labor Law § 200, contributed to the accident. Contrary to the arguments advanced by the defendants in the Supreme Court, if the plaintiff was injured in whole or in part as a result of the existence of a dangerous condition on the defendants' property, of which the defendants had actual or constructive notice, the defendants may properly be held liable for the plaintiff's injuries under common-law negligence and Labor Law § 200 irrespective of whether they supervised the plaintiff's work (*see Ciesielski v Buffalo Indus. Park,* 299 AD2d 817 [2002]; *Shipkoski v Watch Case Factory Assoc.,* 292 AD2d 589, 590 [2002]; *Moran v Janowski,* 276 AD2d 605 [2000]; *Hajba v Silander,* 222 AD2d 813 [1995]; *Beckford v Canessa,* 205 AD2d 655 [1994]; *McKinney v Setteducatti,* 183 AD2d 879 [1992]).

In seeking summary judgment with respect to the causes of action based on common-law negligence and Labor Law § 200, the defendants "satisfied their initial burden * * * by demonstrating that the injured plaintiff was unable to * * * identify

the cause of his fall" (*Hunter v IBS Realty Mgt.*, 298 AD2d 557, 558 [2002]; *see Bongiorno v Penske Auto. Ctr.*, 289 AD2d 520 [2001]; *La Duke v Albany Motel Enters.*, 282 AD2d 974 [2001]; *Amadio v Pathmark Stores*, 253 AD2d 834 [1998]; *Skay v Public Lib. of Rockville Ctr.*, 238 AD2d 397 [1997]; *Barretta v Trump Plaza Hotel & Casino*, 278 AD2d 262 [2000]). The burden then shifted to the plaintiff to submit evidence tending to show the existence of a triable issue of fact.

The plaintiff failed to meet this burden. In opposition to the motion, the plaintiff submitted the affidavit of a coworker which established only that, after the plaintiff had already fallen, the coworker observed that "pieces of the roof shingle had become dislodged along the seam where the roof meets that wall of the house about 5-6 feet from the peak," a location that may or may not correspond to the position where the plaintiff fell. Even assuming that the remaining contents of this affidavit were sufficient to raise an issue of fact as to whether various areas of the roof were affected by loose or detached shingles, and that the defendants had notice of the deteriorating condition of the roof, the affidavit contained no evidence connecting the occurrence of the plaintiff's fall with this allegedly dangerous condition.

Assuming that the rule of *Noseworthy v City of New York* (298 NY 76 [1948]) has any application here (*compare Walsh v Murphy*, 267 AD2d 172 [1999]; *Wright v New York City Hous. Auth.*, 208 AD2d 327 [1995]; *Lynn v Lynn*, 216 AD2d 194 [1995]), the plaintiff is not excused from his burden of demonstrating the existence of a triable issue of fact to avoid summary judgment (*see Coughlin v Bartnick*, 293 AD2d 509 [2002]; *Williams v Econ*, 221 AD2d 429 [1995]; *Silva v 81st St. & Ave. A Corp.*, 169 AD2d 402 [1991]; *Agius v State of New York*, 50 AD2d 1049 [1975]). Here, the plaintiff failed to identify any triable issue of fact as to the essential issue of causation, and summary judgment was properly granted to the defendants dismissing the causes of action based upon Labor Law § 200 and common-law negligence. Feuerstein, J.P., H. Miller, Townes and Mastro, JJ., concur.