■ ANTHONY MAZZONE, Respondent, v MICHAEL LAZAROFF, Defendant and Third-Party Plaintiff-Appellant-Respondent. ISLAND PROPERTIES & REAL ESTATE MANAGEMENT CORP. et al., Third-Party Defendants-Respondents-Appellants. [759 NYS2d 378] —In an action, inter alia, to recover damages for wrongful death, the defendant third-party plaintiff, Michael Lazaroff,

appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated July 24, 2002, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, the defendants third-party defendants Island Properties & Real Estate Management Corp., Jose J. Hernandez, Jr., and Carol Weisman cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against them, and the defendant third-party defendant G.M. Swimming Pools, Inc., separately cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint, the third-party complaint, and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable to the appellant-respondent and respondents-appellants by the plaintiff, the motion and cross motions are granted, and the complaint, the third-party complaint, and all cross claims are dismissed.

In support of their separate motion and cross motions for summary judgment, the appellant-respondent and respondents-appellants (hereinafter the appellants) made prima facie showings of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). In opposition to the motion and cross motions, the plaintiff failed to raise a triable issue of fact. In particular, the plaintiff offered nothing more than speculation that any alleged negligence on the part of the appellants was a proximate cause of the decedent's death (*see Johnson v Sniffen,* 265 AD2d 304 [1999]). Accordingly, the Supreme Court should have granted the appellants' respective motion and cross motions for summary judgment. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.