In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Dowd, J), dated December 11, 2002, which denied their motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the motion is granted.
In this case involving a motor vehicle accident at an intersection, the street on which the defendant was driving had a stop sign while the street on which the plaintiff Judy Klein (herein *400 after the plaintiff) was driving did not. In support of her motion for summary judgment, the plaintiff established that the defendant failed to properly observe and yield to cross-traffic before proceeding into the intersection (see Vehicle and Traffic Law § 1142 [a]; § 1172 [a]; Disher v Ahern, 294 AD2d 393 [2002]; Puccio v Caputo, 272 AD2d 387 [2000]; Gillinder v Hemmes, 298 AD2d 493 [2002]). The plaintiff, who had the right-of-way; was entitled to assume that the defendant would obey the traffic laws requiring him to yield (see Stiles v County of Dutchess, 278 AD2d 304 [2000]; Cenovski v Lee, 266 AD2d 424 [1999]). The defendant’s contention that there is a triable issue of fact as to the plaintiffs negligence because she failed to sée that which by the proper use of her senses she should have seen is mere speculation, insufficient to defeat the motion (see Parisi v Mitchell, 280 AD2d 589 [2001]; Szczotka v Adler, 291 AD2d 444 [2002]). Accordingly, summary judgment should have been granted to the plaintiff. Santucci, J.E, Goldstein, Schmidt and Cozier, JJ., concur.