■ GLORIA GROB et al., Appellants, v KINGS REALTY ASSOCI-ATES, LLC, et al., Respondents. [771 NYS2d 384]—

In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Harkavy, J.), dated October 19, 2000, which granted the defendants' respective motions for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On December 11, 1996, the plaintiffs' decedent, Morris Grob, allegedly sustained serious injuries that led to his death. Grob fell down a flight of carpeted stairs at the defendants' premises, tumbling to the bottom, where he struck his head on a marble floor. According to the deposition testimony of Grob's son, Joseph, who was with his father at the time, Grob had successfully descended the upper flight of stairs, traversed a marble landing, and was just stepping down from the marble landing to the first step of the lower flight when "he just sort of started to fall." Joseph Grob did not see his father's feet get caught on anything, nor did he see him trip or slip. Joseph Grob testified that his father did not suffer from a medical condition that affected his balance or ability to walk.

In opposition to the defendants' respective motions for summary judgment based on the plaintiffs' inability to identify the cause of Grob's fall, the plaintiffs submitted, inter alia, the affidavit of an expert, Nicholas Bellizzi, a consulting engineer. Bellizzi concluded, in pertinent part, that the subject stairs were defective because of the uneven and irregular dimensions of step risers (height) and tread depths. He found, among other things, that the risers of the first three steps of the lower flight were distinctly shorter in height than the risers of the stairs in the upper flight. He opined that Grob's expectation as to the height of the step risers had been framed on the basis of his descent down the upper flight of stairs. Bellizzi found it reasonable to infer that Grob's gait was interrupted, causing him to lose his balance when he reached down from the middle landing toward steps that were positioned as much as $2\frac{1}{2}$ inches closer than he would have expected.

On motions for summary judgment, the movants must make a prima facie showing of their entitlement to judgment as a matter of law (see *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Zuckerman v City of New York,* 49 NY2d 557 [1980]). The defendants satisfied this burden (see *Koller v Leone,* 299 AD2d 396 [2002]; *Mazzone v Lazaroff,* 305 AD2d 558 [2003], *lv denied* 100 NY2d 512 [2003]). In order to defeat summary judgment, a plaintiff who is relying on circumstantial evidence to prove his case has to "prove that it was 'more likely' . . . or 'more reasonable' . . . that the alleged injury was caused by the defendant's negligence than by some other agency" (*Gayle v City of New York,* 92 NY2d 936, 937 [1998]).

The plaintiffs, in opposition, offered the deposition testimony of Joseph Grob and the conclusory assertions of their expert. As to the expert, even assuming that the stairs were defective as he opined, the Supreme Court properly determined that the inference he drew linking this defect to Grob's fall was purely speculative. Assuming further that everything asserted by Joseph Grob was true, the plaintiffs offered only " '[s]peculation, guess and surmise, [which] may not be substituted for competent evidence' " (*Scheer v City of New York,* 211 AD2d 778 [1995], quoting *Agius v State of New York,* 50 AD2d 1049, 1050 [1975]).

Accordingly, the defendants were entitled to summary judgment dismissing the amended complaint insofar as asserted against them (see *Koller v Leone, supra; Mazzone v Lazaroff, supra; Blanco v Oliveri,* 304 AD2d 599 [2003]). Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.