■ MIRTHA VELAZQUEZ, Respondent, v CARAVAN BUS SERVICE, INC., Also Known as CARAVAN BUS TRANSPORTATION, et al., Appellants. [771 NYS2d 375]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated February 28, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendant Caravan Bus Service, Inc., also known as Caravan Bus Transportation (hereinafter Caravan) provided bus service under a contract with the defendants New York City Board of Education (hereinafter the Board) and the City of New York. The bus was driven by the defendant Louis Hevia. On April 29, 2000, the plaintiff broke her ankle as she exited the bus via a door behind the driver. She commenced this action against the defendants, alleging, inter alia, negligence on the part of all of the defendants, and negligent supervision on the part of Caravan, the City, and the Board.

The defendants initially established their entitlement to sum-

mary judgment on the ground that the plaintiff failed to identify the dangerous or defective condition which caused her injury (*see Moody v F.W. Woolworth Co.,* 288 AD2d 446 [2001]; *cf. Bernstein v City of New York,* 69 NY2d 1020, 1022 [1987]). The burden then shifted to the plaintiff to raise a triable issue of fact by presenting evidentiary proof in admissible form as to whether a dangerous condition caused her fall, as opposed to her own misstep (*see Stissi v Gurino,* 302 AD2d 449, 450 [2003]; *Veccia v Clearmeadow Pistol Club,* 300 AD2d 472 [2002]). In opposition, the plaintiff introduced only her own conclusory statement that the steps were too steep. This was insufficient to raise a question of fact (*see Capraro v Staten Is. Univ. Hosp.,* 245 AD2d 256 [1997]). Accordingly, the defendants' motion for summary judgment should have been granted. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.