(May 9, 2005)

■ OUSMAN ALI, Respondent, v NATIONAL RAILROAD PASSENGER CORPORATION, Appellant. [795 NYS2d 266]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated July 12, 2004, which denied its motion for summary judgment dismissing the amended complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the amended complaint is dismissed.

The plaintiff was employed as a truck driver and loader for a company which contracted with the defendant, National Railroad Passenger Corporation (hereinafter Amtrak), to manage commissaries at Amtrak's facilities. On November 14, 1999, the plaintiff was working in the commissary at Amtrak's Sunnyside Yard facility in Queens loading ice into a truck. After the truck was loaded, the plaintiff went inside the commissary building. According to the plaintiff's deposition testimony, when he exited the building he tripped on the handle of a cart and fell, striking his head.

The plaintiff commenced this action against Amtrak, alleging that his injuries were caused by the defective and/or dangerous condition of the loading dock inside the commissary building at Amtrak's Sunnyside Yard facility. Amtrak moved for summary judgment on the ground that it was not liable for any condition which caused the plaintiff to fall. The Supreme Court denied Amtrak's motion on the ground that the evidence submitted raised issues of fact as to what caused the plaintiff to trip, and whether Amtrak had actual or constructive notice of the alleged hazardous condition. We reverse.

Amtrak made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that it did not supervise or control the plaintiff's work, or create the condition which caused the plaintiff's fall or have actual or constructive notice of it (*see Doherty v Great Atl. & Pac. Tea Co.*, 265 AD2d 447, 448 [1999]; *Sprague v Peckham Materials Corp.*, 240 AD2d 392, 394 [1997]). In response to this prima facie showing, the plaintiff failed to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). The testimony at the examinations before trial of the plaintiff's coworkers, who did not actually see the plaintiff trip, was insufficient to raise a triable issue (*see Blanco v Oliveri*, 304 AD2d 599, 600 [2003]). In addition, the plaintiff's expert's report regarding the dangerous condition presented by a "pipe sleeve" was irrelevant and speculative given the plaintiff's unequivocal testimony that he tripped on the handle of a cart (*see Grob v Kings Realty Assoc.*, 4 AD3d 394, 395 [2004]; *Kane v Estia Greek Rest.*, 4 AD3d 189, 190 [2004]; *Koller v Leone*, 299 AD2d 396, 397 [2002]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Santucci, Mastro and Spolzino, JJ., concur.