Chaim Lissauer, Respondent, v Shaarei Halacha, Inc., et al., Defendants, and Yeshiva Sharei Hatzlucha, Inc., Appellant. [829 NYS2d 229]—

In an action to recover damages for personal injuries, the defendant Yeshiva Sharei Hatzlucha, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated September 9, 2005, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant Yeshiva Sharei Hatzlucha, Inc., is granted.

The plaintiff allegedly sustained injuries when he fell down an exterior stairway located at a synagogue known as Beth Medrash Emek Halacha. The defendant Yeshiva Sharei Hatzlucha, Inc. (hereinafter the defendant), occupied a portion of the synagogue.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff was unable to identify the cause of his fall (see Rodriguez v Cafaro, 17 AD3d 658 [2005]; Velazquez v Caravan Bus Serv., 4 AD3d 416, 417 [2004]; Burnstein v Mandalay Caterers, 306 AD2d 428 [2003]; Koller v Leone, 299 AD2d 396, 397 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiff submitted expert evidence that the step risers, floor levels, and tread widths did not comply with various sections of the New York City Building Code. However, a determination that these alleged defects proximately caused the plaintiff's accident, rather than a misstep or loss of balance, is based on sheer speculation (see Bitterman v Grotyohann, 295 AD2d 383, 384

[2002]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477, 478 [2001]).

Accordingly, the defendant's motion for summary judgment should have been granted. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.