■ BARBARA A. SEERY, Appellant, v SUSAN MULHOLLAND, Defendant, and MARTHA M. BEAN et al., Respondents. [839 NYS2d 513]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), entered May 17, 2006 as, upon granting the motion of the defendants Martha M. Bean and Jared D. Bean, in effect, pursuant to CPLR 4401, made at the close of the plaintiff's case, to dismiss the complaint insofar as asserted against them for failure to establish a prima facie case, is in favor of those defendants and against her, dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was operating a vehicle that entered an intersection and collided with a vehicle operated by the defendant Jared D. Bean (hereinafter Bean). The plaintiff, who was negligent as a matter of law in entering the intersection without yielding the right of way (see Vehicle and Traffic Law § 1142 [a]; § 1172 [a]), does not dispute Bean's testimony that "[j]ust a split second, two seconds maybe" elapsed from the first time Bean saw the plaintiff's vehicle until the time of the impact. The plaintiff nonetheless argues that, contrary to the Supreme Court's determination, "[a] rational jury could reasonably [have found] that . . . Bean could have avoided the accident altogether by taking evasive action." We disagree.

Since Bean had the right of way, he was entitled to anticipate that the plaintiff would obey traffic laws which required her to stop and yield (see Almonte v Tobias, 36 AD3d 636 [2007]; Gillinder v Hemmes, 298 AD2d 493 [2002]; Stiles v County of Dutchess, 278 AD2d 304 [2000]). The plaintiff's speculation that

Bean may have been negligent in the operation of his vehicle was insufficient to raise a triable issue of fact requiring submission to the jury (*see Aiello v City of New York*, 32 AD3d 361 [2006]; *Gillinder v Hemmes, supra*; *Namisnak v Martin*, 244 AD2d 258 [1997]).

Nor does the plaintiff's amnesia compel a different result. Although a plaintiff who suffers amnesia as a result of a defendant's acts is not held to as high a degree of proof in demonstrating his right to recover for injury as a plaintiff who can describe the events (*see Noseworthy v City of New York*, 298 NY 76 [1948]), he or she must still establish a prima facie case (*see Sawyer v Dreis & Krump Mfg. Co.*, 67 NY2d 328, 334 [1986]; *Dubi v Jericho Fire Dist.*, 22 AD3d 631, 632 [2005]; *Capritto v Flynn Assoc.*, 166 AD2d 682 [1990]).

Accordingly, the Supreme Court properly granted the motion of the defendants Martha M. Bean and Jared D. Bean, in effect, pursuant to CPLR 4401, to dismiss the complaint insofar as asserted against them. Florio, J.P., Fisher, Carni and McCarthy, JJ., concur.