■ HUMBERTO GUITERREZ et al., Respondents, v ANGELO IANNACCI et al., Appellants. [841 NYS2d 377]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Taylor, J.), dated December 7, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants' argument that they were not liable for injuries sustained by the plaintiff Humberto Guiterrez (hereinafter the plaintiff) because they were out-of-possession landlords was raised for the first time in their reply papers. Since the plaintiffs did not have a fair opportunity to respond to that contention, the argument is not properly before us and will not be addressed (see *Johnston v Continental Broker-Dealer Corp.,* 287 AD2d 546 [2001]; *Tobias v Manginelli,* 266 AD2d 532 [1999]).

The defendants demonstrated their prima facie entitlement to summary judgment through the plaintiff's deposition testimony that he was unable to identify what caused him to slip (see *Birman v Birman,* 8 AD3d 219 [2004]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiff alleged that he would not have fallen if the defendants had equipped his front steps with handrails, and the plaintiffs' expert opined that handrails were required by nationally accepted safety standards. "However, the plaintiff[s] failed to present any evidence connecting any allegedly unsafe condition to [his] fall" (*id.* at 220; see *Grob v Kings Realty Assoc.,* 4 AD3d 394 [2004]). Therefore, the Supreme Court erred in denying the defendants' motion for summary judgment. Crane, J.P., Goldstein, Dillon and Carni, JJ., concur.