■ Theresa Denicola et al., Appellants, v Joseph G. Costello, Respondent. [844 NYS2d 438]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Johnson, J.), dated May 18, 2006, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that the injured plaintiff was unable to identify the cause of her fall (*see Bottiglieri v Wheeler*, 38 AD3d 818 [2007]; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]; *Rodriguez v Cafaro*, 17 AD3d 658 [2005]; *Birman v Birman*, 8 AD3d 219 [2004]). In opposition, the plaintiffs failed to submit evidence sufficient to raise a triable issue of fact. The affidavit submitted by the injured plaintiff in opposition to the motion merely raised a feigned factual issue designed to avoid the consequences of her earlier deposition testimony (*see Tejada v Jonas*, 17 AD3d 448 [2005]; *Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]; *Koller v Leone*, 299 AD2d 396 [2002]; *Capraro v Staten Is. Univ. Hosp.*, 245 AD2d 256 [1997]). The plaintiffs also submitted an affidavit of an expert who alleged that the staircase was in violation of various provisions of the Administrative Code of the City of New York. However, since the injured plaintiff did not know what caused her to fall, and did not claim at her deposition that she would not have fallen if handrails had been in place, it would be speculative to assume that these alleged violations proximately caused her fall (*see Guiterrez v Iannacci* 43 AD3d 868 [2007]; *Lissauer v Shaarei Halacha, Inc.*, 37

AD3d 427 [2007]; *Birman v Birman*, 8 AD3d 219 [2004]; *Bitterman v Grotyohann*, 295 AD2d 383 [2002]). Prudenti, P.J., Fisher, Dillon and Carni, JJ., concur.