■ STANLEY REIFF et al., Appellants, v BEECHWOOD BROWNS ROAD BUILDING CORP., Respondent, et al., Defendants. [864 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 13, 2007, which granted the motion of the defendant Beechwood Browns Road Building Corp. for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff Stanley Reiff was injured when he fell while descending wooden steps attached to a trailer being used as a sales office for a townhouse development project. At his deposition, the injured plaintiff testified that as he was stepping down from the landing to the top step, one of his heels caught on "something." The injured plaintiff did not know what caused his heel to become caught.

The defendant Beechwood Browns Road Building Corp. established its prima facie entitlement to judgment as a matter of law by submitting the injured plaintiff's deposition testimony, which demonstrated that he was unable to identify any defect which caused him to fall (see Kletke v GOS Corp., 51 AD3d 875 [2008]; DeSantis v Lessing's, Inc., 46 AD3d 742 [2007]; Plowden v Stevens Partners, LLC, 45 AD3d 659 [2007]; Denicola v Costello, 44 AD3d 990 [2007]; Curran v Esposito, 308 AD2d 428 [2003]). In opposition to the motion, the plaintiffs failed to raise a triable issue of fact. Although the plaintiffs submitted an affidavit from an engineer who claimed that the steps violated several provisions of the New York State Building Code, the plaintiffs presented no evidence connecting these alleged violations to the injured plaintiff's fall. Thus, it would be speculative to assume that these alleged violations were a proximate cause of the accident (see Plowden v Stevens Partners, LLC, 45 AD3d 659 [2007]; Denicola v Costello, 44 AD3d 990 [2007]; Guiterrez v Iannacci, 43 AD3d 868 [2007]; Tutunjian v Cove Landing on

*Sound Homeowners Assn., Inc.*, 38 AD3d 531 [2007]; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]). Lifson, J.P., Florio, Eng and Belen, JJ., concur.