In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Baisley, J.), dated July 18, 2007, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The evidence submitted by the defendants in support of their motion for summary judgment established that the subject motor vehicle accident occurred when the plaintiff drove her car from where it had been parked, on the right northbound shoulder of North Ocean Avenue in the Town of Brookhaven, across two lanes of northbound traffic and collided with a motor vehicle owned by the defendant Elizabeth Hoffman and operated by her son, the defendant Andrew Hoffman (hereinafter Hoffman). The evidence submitted by the defendants established, prima facie, that the plaintiff was negligent as a matter of law, by violating Vehicle and Traffic Law §§ 1143 and 1160 (e), in failing to yield the right of way to Hoffman, who, according to his deposition testimony, was proceeding straight ahead on North Ocean Avenue and traveling within the posted speed limit. A driver is not obligated to anticipate that a vehicle parked on the shoulder of a road will suddenly and unexpectedly move into a travel lane. Such an event constitutes a classic emergency situation, thus implicating the “emergency doctrine” (see Gajjar v Shah, 31 AD3d 377, 378 [2006]). Hoffman’s reaction—staying *402 in his own lane and applying his brakes—was reasonable as a matter of law under the circumstances, which were not of his own making (id.).
The evidence submitted by the plaintiff in opposition to the defendants’ motion failed to raise a triable issue of fact (id.). The fact that the plaintiff suffered from amnesia does not compel a different result. The plaintiff submitted medical evidence establishing that, as a result of the injuries sustained in the accident, she suffered from retrograde amnesia and had no recollection of the events leading up to the accident. The only passenger in the plaintiffs car likewise stated in an affidavit that he recalled nothing from the time that he entered the motor vehicle until after the collision. Although a plaintiff who suffers amnesia as a result of a defendant’s act is not held to as high a degree of proof in demonstrating his or her right to recover for injury as a plaintiff who can describe the events (see Noseworthy v City of New York, 298 NY 76 [1948]), he or she is not excused from the “burden of demonstrating the existence of a triable issue of fact to avoid summary judgment” (Blanco v Oliveri, 304 AD2d 599, 600 [2003]). Here, the plaintiff failed to submit sufficient evidence to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.E, Ritter, Garni and Dickerson, JJ., concur.