■ Israel Deutsch, Appellants, v City of New York et al., Defendants, and New York City Transit Authority, Respondent. [893 NYS2d 771]—

Assuming the report of plaintiff's expert should have been considered by the motion court on plaintiff's motion to renew, the report, which was based on an inspection of the steps conducted almost six years after the accident, does not raise an issue of fact as to causation. Plaintiff testified that he does not know why he fell, and the expert's opinion that plaintiff fell because of dangerously uneven riser heights is speculative in the absence of evidence tending to show the existence of the alleged uneven risers at the time plaintiff fell (see *Telfeyan v City of New York*, 40 AD3d 372, 373 [2007]; *Batista v New York City Tr. Auth.*, 66 AD3d 433 [2009]; *Kane v Estia Greek Rest.*, 4 AD3d 189 [2004]). Nor does plaintiff show how further disclosure might reveal evidence sufficient to raise an issue of fact as to whether he fell because of a defect in the steps (see *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 163-164 [1980]). Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.