■ TARA MARTONE, Appellant, v DONALD SHIELDS, Respondent, et al., Defendants. [899 NYS2d 249]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Putnam County (O'Rourke, J.), dated November 3, 2008, which granted the motion of the defendant Donald Shields for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The defendant Donald Shields (hereinafter the defendant)

established his entitlement to judgment as a matter of law by demonstrating that the plaintiff did not know what caused her to fall (*see Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Denicola v Costello*, 44 AD3d 990 [2007]; *Birman v Birman*, 8 AD3d 219 [2004]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]). In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact. The expert affidavit submitted by the plaintiff in opposition to the motion was insufficient to raise a triable issue of fact as to whether the staircase at issue violated any applicable codes or industry standards (*see Pappas v Cherry Cr., Inc.*, 66 AD3d 658, 659 [2009]; *Ryan v KRT Prop. Holdings, LLC*, 45 AD3d 663, 664-665 [2007]; *Meehan v David J. Hodder & Son, Inc.*, 13 AD3d 593, 594 [2004]).

In any event, there was no evidence connecting any of the allegedly unsafe conditions to the plaintiff's fall (*see Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Denicola v Costello*, 44 AD3d at 990-991; *Guiterrez v Iannacci*, 43 AD3d 868 [2007]; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]; *Birman v Birman*, 8 AD3d at 220; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]). Contrary to the plaintiff's contention, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply to this case since the plaintiff and the defendant are on an equal footing as to their access to knowledge of the events which caused the plaintiff's injuries (*see Kuravskaya v Samjo Realty Corp.*, 281 AD2d 518 [2001]; *Gayle v City of New York*, 256 AD2d 541, 542 [1998]). The plaintiff is not relieved of the obligation to provide some proof from which negligence can reasonably be inferred, and she failed to submit evidence sufficient to raise a triable issue of fact in this regard (*see DeLuca v Cerda*, 60 AD3d 721, 722 [2009]; *Seery v Mulholland*, 41 AD3d 829, 830 [2007]; *Blanco v Oliveri*, 304 AD2d 599, 600 [2003]; *Lynn v Lynn*, 216 AD2d 194, 195 [1995]). Rivera, J.P., Angiolillo, Dickerson and Roman, JJ., concur.