■ RICHARD POELKER, Respondent, v SWAN LAKE GOLF CORP., Appellant. [897 NYS2d 174]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered May 15, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff was a passenger in a golf cart which was making a turn on a golf course when it tipped over onto him. He commenced this action against the defendant owner of the golf course, alleging that there were dangerous or defective conditions in the accident area and in the cart, about which the defendant failed to warn him. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

Contrary to the Supreme Court's conclusion, the defendant satisfied its prima facie burden of establishing its entitlement to judgment as a matter law by demonstrating that there was no dangerous or defective condition in the accident area (see Goldfischer v Great Atl. & Pac. Tea Co., Inc., 63 AD3d 575 [2009]). The defendant tendered photographs of the accident area which showed no defective or dangerous condition. In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff stated at his deposition that he was unable to identify what caused the cart to tip over, and failed to identify any dangerous or defective condition in the accident area (id. at 575; see Velazquez v Caravan Bus Serv., 4 AD3d 416, 417 [2004]; Lara v Saint John's Univ., 289 AD2d 457 [2001]).

The defendant also satisfied its prima facie burden of demonstrating that there was no defect in the cart. The defendant tendered evidence showing that, following the accident, the seller of the cart performed an inspection of the cart at its request and found it to be fully operational and safe to drive. In opposition, the affidavit of the plaintiff's expert, attributing the accident to "extreme weight differences" between the driver of the cart and the plaintiff, the lack of a "safety factor" in the cart, and the failure to warn that, under those circumstances, the cart could tip over when making a turn, was speculative and conclusory and, therefore, insufficient to raise a triable issue of fact (see Romano v Stanley, 90 NY2d 444, 451-452 [1997]; Pappas v Cherry Cr., Inc., 66 AD3d 658, 659 [2009]; Levy v Kung Sit Huie, 54 AD3d 731, 731-732 [2008]).

Accordingly, the Supreme Court should have granted the de-

fendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.