■ PALMIRA BAFFA, as Executor of NICOLA BAFFA, Deceased, Appellant, v NEW PLAN OF HILLSIDE VILLAGE, LLC, et al., Respondents. [898 NYS2d 478]—

In an action to recover damages for wrongful death, etc., the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated April 6, 2009, as granted the motion of the defendant New Plan of Hillside Village, LLC, and the cross motion of the defendant National Construction Rentals, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them, and (2) a judgment of the same court entered May 15, 2009, which, upon the order, is in favor of the defendants and against her dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On April 28, 2005, the plaintiff's decedent, Nicola Baffa (hereinafter the decedent), who was then 84 years old, allegedly was caused to fall on the base stand of a temporary chain-link fence while he was walking in the parking lot of a shopping center

owned by the defendant New Plan of Hillside Village, LLC (hereinafter New Plan). The defendant National Construction Rentals, Inc. (hereinafter National), provided the temporary fence. The decedent died before this action was commenced, and he was never deposed.

The defendants met their burden of establishing their prima facie entitlement to judgment as a matter of law by demonstrating that any determination as to how the accident occurred would be based on speculation (*see Costantino v Webel*, 57 AD3d 472 [2008]; *Stock v Otis El. Co.*, 52 AD3d 816 [2008]; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

The plaintiff's remaining contentions either are without merit or have been rendered academic.

Accordingly, the Supreme Court correctly granted the motion and cross motion of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.