■ DEBORAH MURPHY, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [902 NYS2d 144]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Miller, J.), dated March 19, 2009, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she slipped and fell on a stairway in a subway station. The defendants demonstrated their prima facie entitlement to judgment as matter of law by submitting, inter alia, the deposition testimony of the plaintiff that she was unable to identify the cause of her fall (*see Douse v City of New York*, 70 AD3d 764 [2010]; *Kaplan v Great Neck Donuts, Inc.*, 68 AD3d 931 [2009], *lv denied* 14 NY3d 708 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Denicola v Costello*, 44 AD3d 990 [2007]).

The plaintiff's submissions in opposition did not raise a triable issue of fact (*see Douse v City of New York*, 70 AD3d 764 [2010]; *Kaplan v Great Neck Donuts, Inc.*, 68 AD3d 931 [2009]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015

[2008]; *Denicola v Costello*, 44 AD3d 990 [2007]). The plaintiff submitted the affidavit of an engineer who stated that the stairway violated certain provisions of the New York State Building Code and that, as a result, the front edge or nosing of the stairway treads had become shiny, worn, and slippery. The plaintiff, however, did not know what caused her fall, and did not claim that her foot slipped on the worn and slippery nosing. Thus, it would be speculative to find that the alleged violations noted in the engineer's report proximately caused the plaintiff's fall (*see Denicola v Costello*, 44 AD3d 990 [2007]). Additionally, the report of the plaintiff's expert, which was based on an inspection of the stairway conducted almost 2½ years after the plaintiff's accident, was speculative in the absence of evidence establishing that the conditions noted during the expert's inspection existed at the time of the plaintiff's fall (*see Deutsch v City of New York*, 69 AD3d 523 [2010]). Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Skelos, J.P., Covello, Hall and Sgroi, JJ., concur.