SECOND DEPARTMENT, JANUARY, 2011

(January 11, 2011)

ANA DELIA AGUILAR et al., Respondents, v NEVILLE AN-THONY et al., Appellants. [915 NYS2d 284]—

In an action to recover damages for personal injuries and wrongful death, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered March 18, 2010, which denied their motion for summary judgment dismiss-ing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The decedent, Fernando Aguilar, was found at the bottom of a staircase connecting the first and second floors of a house owned

by the defendants and leased to the family of the decedent's daughter, the plaintiff Ana Delia Aguilar (hereinafter the plaintiff). The plaintiff, who was in her room on the second floor, heard a noise, rushed out of her room, and found the decedent at the bottom of the staircase. She did not see the decedent fall and did not know why he fell.

The decedent, who normally wore glasses, was not wearing his glasses at the time his body was found, and the plaintiff later found his glasses in his room on the second floor. The only light illuminating the staircase was the hallway light that the plaintiff herself had turned on when she went out into the hallway after hearing the noise. The hospital record indicated the decedent had a history of seizures and took dilantin. The decedent died without explaining how the incident occurred. The plaintiff alleged that she had previously complained to the defendant Neville Anthony that the third step from the top of the staircase was defective in that it would move downward when pressure was applied to the middle portion of the step.

The plaintiff and the decedent's wife, derivatively, commenced this action against the defendants. The defendants moved for summary judgment, contending that the jury would have to speculate that the decedent's death was proximately caused by any negligence on their part. The Supreme Court denied the motion. We reverse.

The defendants established their entitlement to judgment as a matter of law by demonstrating, prima facie, that the jury would have to speculate as to the cause of the decedent's fall (*see Martone v Shields*, 71 AD3d 840 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Denicola v Costello*, 44 AD3d 990 [2007]; *Birman v Birman*, 8 AD3d 219 [2004]; *Curran v Esposito*, 308 AD2d 428 [2003]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs' contention, there was no evidence connecting the alleged unsafe condition of the staircase to the decedent's fall (*see Martone v Shields*, 71 AD3d 840 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]; *Denicola v Costello*, 44 AD3d at 990; *Lissauer v Shaarei Halacha, Inc.*, 37 AD3d 427 [2007]; *Birman v Birman*, 8 AD3d at 219; *Teplitskaya v 3096 Owners Corp.*, 289 AD2d 477 [2001]).

Additionally, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply to this case since the plaintiffs and the defendants had equal access to knowledge of the events which caused the decedent's death (*see Martone v Shields*, 71 AD3d at 840; *Kuravskaya v Samjo Realty Corp.*, 281 AD2d 518 [2001]; *Gayle v City of New York*, 256 AD2d 541

[1998]). In any event, the plaintiffs were not relieved of the obligation to provide some proof from which negligence could reasonably be inferred, and they failed to meet this burden (*see DeLuca v Cerda*, 60 AD3d 721 [2009]; *Blanco v Oliveri*, 304 AD2d 599 [2003]; *Lynn v Lynn*, 216 AD2d 194 [1995]). Angiolillo, J.P., Eng, Belen and Lott, JJ., concur.