■ George W. Miles, Appellant, v County of Dutchess et al., Respondents. [925 NYS2d 349]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 16, 2010, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff could not identify what caused him to fall on the date of the subject accident (*see Aguilar v Anthony,* 80 AD3d 544 [2011]; *Martone v Shields,* 71 AD3d 840 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.,* 54 AD3d 1015 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to

the plaintiff's contention, there was no evidence connecting the alleged unsafe condition of the subject trestle or fence to his fall (*see Aguilar v Anthony*, 80 AD3d 544 [2011]; *Martone v Shields*, 71 AD3d 840 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015 [2008]).

Additionally, the *Noseworthy* doctrine (*see Noseworthy v City of New York*, 298 NY 76 [1948]) does not apply to this case, since the plaintiff and the defendants had equal access to knowledge of the events surrounding the plaintiff's accident (*see Aguilar v Anthony*, 80 AD3d 544 [2011]; *Martone v Shields*, 71 AD3d at 840; *Kuravskaya v Samjo Realty Corp.*, 281 AD2d 518 [2001]). In any event, the plaintiff was not relieved of the obligation to provide some proof from which negligence could reasonably be inferred, and he failed to meet this burden (*see DeLuca v Cerda*, 60 AD3d 721 [2009]; *Blanco v Oliveri*, 304 AD2d 599 [2003]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.