Burns v Linden St. Realty, LLC (2018 NY Slip Op 06876)





Burns v Linden St. Realty, LLC


2018 NY Slip Op 06876


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-06722
 (Index No. 773/13)

[*1]Catralsa Burns, respondent, 
v
Linden Street Realty, LLC, appellant.


Garbarini & Scher, P.C., New York, NY (William A. Buckley of counsel), for appellant.
Novo Law Firm, P.C., New York, NY (Ilya Novofastovsky of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated May 6, 2016. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff allegedly was injured when she lost her grip and fell from a fire escape ladder attached to an apartment building owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for her personal injuries. The plaintiff alleged both common-law negligence arising from, inter alia, the failure to properly maintain the fire escape, as well as specific statutory and building code violations.
Following the completion of discovery, the defendant moved for summary judgment dismissing the complaint, contending, inter alia, that the plaintiff could not identify the cause of her fall. The Supreme Court denied the motion, and the defendant appeals.
The defendant established its prima facie entitlement to judgment as a matter of law through the plaintiff's deposition testimony, which demonstrated that the plaintiff was unable to identify the cause of her fall (see Vojvodic v City of New York, 148 AD3d 1086, 1087; Reiff v Beechwood Browns Rd. Bldg. Corp., 54 AD3d 1015; Denicola v Costello, 44 AD3d 990; Christopher v New York City Tr. Auth., 300 AD2d 336). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiff's affidavit, in which she identified the cause of her fall as a "rusted metal shard" from the fire escape ladder, which pierced her hand, presented what appears to be a feigned issue of fact, designed to avoid the consequences of her earlier deposition testimony that her hand was "thrown off" the ladder, but she did not know why (see Capasso v Capasso, 84 AD3d 997, 998; Russ v Fried, 73 AD3d 1153, 1154; Blochl v RT Long Is. Franchise, LLC, 70 AD3d 993). Under these circumstances, it would be speculative to conclude that any of the alleged statutory and building code violations or dangerous conditions set forth in her expert's affidavit, even if fully credited, proximately caused her accident [*2](see Amster v Kromer, 150 AD3d 804, 805; Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930; Murphy v New York City Tr. Auth., 73 AD3d 1143, 1144; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660). Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the defendant's remaining contentions.
RIVERA, J.P., CHAMBERS, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court