■ JUDITH PORTILLA, Appellant, v CARMEN RODRIGUEZ, Doing Business as JENNIE'S HAIR STYLIST, Respondent.

The plaintiff fell while descending a ramp in the defendant's beauty parlor. The ramp had been installed to connect two areas of the room which were approximately one foot different in height. The ramp had no handrails, and the plaintiff testified that as she was falling, she futilely reached out in an attempt to grasp onto something. The plaintiff also proffered the testimony of an expert in engineering and the design of walking surfaces. The expert would have testified that the ramp in question was unsafe and failed to meet certain requirements of the New York City Building Code. Without explanation, the trial court refused to permit this expert to testify, and upon the close of the evidence presented by the plaintiff, granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law.

The trial court improperly excluded the proffered expert testimony except to the extent that the witness intended to testify on the ultimate issue of the proximate cause of the plaintiff's injuries *(see,* 58 NY Jur 2d, Evidence and Witnesses, § 640). The expert's qualifications were not in question, and the rules and standards governing the safe construction of ramps in New York City were clearly proper subjects for expert opinion testimony *(see, Cruz v New York City Tr. Auth.,* 136 AD2d 196; *cf., Nevins v Great Atl. & Pac. Tea Co.,* 164 AD2d 807).

Viewed in a light most favorable to the plaintiff and affording her the benefit of all inferences which could reasonably be drawn therefrom, the evidence, including the proffered testimony of the plaintiff's expert, was clearly sufficient to establish a prima facie case for the jury's consideration *(see,*

*Schneider v Kings Highway Hosp. Center,* 67 NY2d 743, 745; *Cruz v New York City Tr. Auth., supra,* at 198). A reasonable jury could clearly have concluded that regardless of the reason the plaintiff lost her balance, the lack of a handrail was a proximate contributing cause of her injuries that constituted an unreasonably dangerous condition under the circumstances *(see, Kush v City of Buffalo,* 59 NY2d 26, 29-30; *Cruz v New York City Tr. Auth., supra,* at 198). Kunzeman, J. P., Balletta, Miller and Ritter, JJ., concur.