■ KATHIE C. SANTOS, Respondent, v TOODLE LOU RESTAURANT AND BAR, Appellant, and LEX ELEVEN CORP., Respondent. [596 NYS2d 395] —Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered on or about February 25, 1992, upon a jury verdict in favor of plaintiff in the amount of $126,496.25, unanimously affirmed, with costs.

The provision in the ten-year lease requiring defendant

tenant to make all non-structural repairs obligated the tenant to repair the defective metal stripping, cement step patch and staircase handrail that contributed to plaintiff's fall. While the issue of apportionment of liability between the tenant and defendant landlord should have been submitted to the jury since their respective cross-claims against each other stated claims for contribution rather than contractual indemnification (see, *County of Westchester v Welton Becket Assocs.*, 102 AD2d 34, 46, *affd* 66 NY2d 642; *Pellegrino v New York City Tr. Auth.*, 177 AD2d 554, 558, *lv denied* 80 NY2d 760), the error was harmless in light of the trial court's postverdict decision of granting the landlord full indemnification against the tenant for the latter's failure to procure the insurance required by the lease. While admission of the testimony of plaintiff's architect, was competent as expert opinion (see, *Portilla v Rodriguez*, 179 AD2d 631), it should have been precluded because of plaintiff's nearly five-year delay, after the architect inspected the subject staircase, in responding to defendant's request for expert information (see, *Parsons v City of New York*, 175 AD2d 783). However, since the substance of this testimony was previously delineated in plaintiff's bill of particulars, we discern no prejudice, and on this record find the error to be harmless. We have considered defendant tenant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Kupferman, JJ.