■ VIOLETA MELENDEZ et al., Appellants, v FOOD EMPORIUM, INC., et al., Respondents. SHOPWELL INC., Doing Business as THE FOOD EMPORIUM, Third-Party Plaintiff-Respondent, v RIVERDALE HOLDING COMPANY et al., Third-Party Defendants-Respondents. [662 NYS2d 500] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered April 18, 1997, which granted defendant's and third-party defendant's motions for disclosure sanctions to the extent of conditionally precluding plaintiffs' expert's testimony as well as all materials prepared in connection with or generated by the expert's inspection of defendants' premises, unless plaintiffs produced such materials for discovery and such expert for pretrial examination, unanimously affirmed, without costs.

Although a party is not required to serve an adverse party

with notice to inspect real property that is open to the general public (CPLR 3120 [a] [1] [ii]), here, disclosure from the expert himself and of the materials related to his inspection is warranted by special circumstances (CPLR 3101 [d] [1] [iii]), namely, plaintiffs' long delay, after their expert inspected the premises, in responding to third-party defendant's demand for expert information and the possibility that changes in the building's structure during the delay altered the conditions that allegedly caused the accident (*see*, *Santos v Toodle Lou Rest. & Bar*, 192 AD2d 418; *Tedesco v Dry-Vac Sales*, 203 AD2d 873). Concur—Sullivan, J. P., Ellerin, Williams, Tom and Colabella, JJ.