■ MALVINA CHRISTINE PANCELLA, Respondent, v COUNTY OF SUFFOLK, Appellant. [790 NYS2d 876]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated March 10, 2004, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as it alleged common-law negligence.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the complaint insofar as it alleged common-law negligence is granted, and the complaint is dismissed in its entirety.

The defendant established its entitlement to judgment as a matter of law dismissing the complaint insofar as it alleged common-law negligence, by demonstrating that the alleged defective condition in the stairway was too trivial to be actionable (*see Torres v City of New York*, 300 AD2d 391 [2002]; *Cruz v Deno's Wonder Wheel Park*, 297 AD2d 653 [2002]; *Holder v City of Yonkers*, 281 App Div 975 [1953]; *see also Santiago v United Artists Communications*, 263 AD2d 407, 408 [1999]), and that the alleged defective condition of the handrail was not a proximate cause of the accident (*see generally Hyman v Queens County Bancorp.*, 307 AD2d 984, 986-987 [2003], *affd* 3 NY3d 743 [ 2004]; *Conry v Avellino*, 287 AD2d 478, 479 [2001]). In opposition, the plaintiff failed to raise a triable issue of fact. Cozier, J.P., S. Miller, Spolzino and Skelos, JJ., concur.