■ VICTOR RODRIGUEZ, Respondent, v ANTHONY CAFARO, Appellant. [794 NYS2d 113]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Gigante, J.), dated May 24, 2004, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained personal injuries when he fell down an outdoor stairway located on certain premises owned by the defendant's decedent. At his deposition, the plaintiff testified that he did not know what caused him to fall. The Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. We reverse.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony wherein the plaintiff admitted that he did not know the cause of his accident (see Curran v Esposito, 308 AD2d 428, 429 [2003]; Burnstein v Mandalay Caterers, 306 AD2d 428 [2003]; Sanchez v City of New York, 305 AD2d 487 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). While the plaintiff testified at his deposition that the second step on the stairway was "chipped" and that the handrail was "loose," "a determination that these alleged defects, rather than a misstep or loss of balance, were [the] proximate cause of the plaintiff's accident would be based on sheer speculation" (Bitterman v Grotyohann, 295 AD2d 383, 384 [2002]).

Accordingly, the defendant's motion for summary judgment should have been granted. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.