■ JOHN TUTUNJIAN, Appellant, v COVE LANDING ON THE SOUND HOMEOWNERS ASSOCIATION, INC., Respondent. [833 NYS2d 110]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered October 5, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on wet moss on an exterior staircase of the defendant's premises during a light rain. The staircase was made out of wooden railroad ties. Contrary to the plaintiff's contention, he failed to submit evidence sufficient to raise a triable issue of fact in opposition to the defendant's demonstration of its entitlement to judgment as a matter of law (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). The plaintiff never alleged that the staircase itself was inherently slippery or that the slippery nature of the staircase caused him to fall. Hence, the statement of the plaintiff's expert that the accident was proximately caused by the defendant's failure to apply nonslip material on the surface of the staircase was speculative and insufficient to raise a triable issue of fact (*see Cappolla v City of New York*, 302 AD2d 547, 550 [2003]). Moreover, the plaintiff failed to raise a triable issue of fact as to whether the absence of a second handrail was a proximate cause of the accident (*see Pancella v County of Suffolk*, 16 AD3d 566 [2005]; *Piatek v New York City Tr. Auth.*, 14 AD3d 685 [2005]; *Hyman v Queens County Bancorp*, 307 AD2d 984 [2003], *affd* 3 NY3d 743 [2004]). Mastro, J.P., Fisher, Angiolillo and McCarthy, JJ., concur.