■ MISCHELLE PLOWDEN, Respondent, v STEVENS PARTNERS, LLC, et al., Appellants. [846 NYS2d 238]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated June 2, 2006, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell down a small, interior stairway, without handrails, located in a building owned by the defendant Stevens Partners, LLC, and managed by the defendant Carlton Brokerage, Inc., doing business as Carlton Management. At her deposition, the plaintiff testified that she did not know what caused her to slip.

The defendants demonstrated their prima facie entitlement to judgment as a matter of law through the plaintiff's deposition testimony that she was unable to identify the cause of her accident (*see Guiterrez v Iannacci,* 43 AD3d 868 [2007]; *Rodriguez v Cafaro,* 17 AD3d 658 [2005]; *Birman v Birman,* 8 AD3d 219 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff alleged, inter alia, that the defendants' failure to provide handrails was a proximate cause of her accident. She submitted the affidavit of an expert who averred that, in failing to provide handrails, the defendants violated, inter alia, a provision of the Building Code of the City of New York (hereinafter Building Code), in effect at the time the building was constructed. The expert further stated that the stone treads on the staircase became slippery over time and were not maintained in a nonslip condition.

Even assuming the applicable Building Code was violated, the plaintiff failed to present any evidence connecting the absence of handrails to her fall (*see Tutunjian v Cove Landing on Sound Homeowners Assn., Inc.,* 38 AD3d 531 [2007]; *Birman v Birman,* 8 AD3d at 220). The plaintiff did not allege that she reached out for a handrail either before or during her fall and did not testify at her deposition that the lack of handrails contributed to her accident. The plaintiff also did not allege

that the slippery condition of the stairs caused her fall. Consequently, "a determination that these alleged defects, rather than a misstep or loss of balance, were a proximate cause of the [her] accident would be based on sheer speculation" (*Bitterman v Grotyohann*, 295 AD2d 383, 384 [2002]; *see Guiterrez v Iannacci*, 43 AD3d 868 [2007]; *Tutunjian v Cove Landing on Sound Homeowners Assn., Inc.*, 38 AD3d at 531; *Grob v Kings Realty Assoc.*, 4 AD3d 394 [2004]). Rivera, J.P., Skelos, Fisher and Angiolillo, JJ., concur.