■ HE SHANG WANG et al., Respondents, v 82-90 BROADWAY REALTY CORPORATION, Appellant. (And a Third-Party Action.) [920 NYS2d 228]—

The plaintiff He Shang Wang (hereinafter the injured plaintiff), an employee of New York Supermarket, Inc. (hereinafter the supermarket), alleged that he was injured when he fell down a stairway at his place of employment. The supermarket

leased the premises from the defendant, 82-90 Broadway Realty Corporation. Following discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court, among other things, denied the motion, finding that the defendant failed to establish its prima facie entitlement to judgment as a matter of law. We reverse the order insofar as appealed from.

The defendant established its prima facie entitlement to judgment as a matter of law by submitting its lease with the supermarket and an affidavit of the defendant's vice-president, both of which demonstrated that it was an out-of-possession landlord that did not retain control over the premises and was not obligated under the terms of the lease to perform repairs or maintenance (*see Kane v Port Auth. of N.Y. & N.J.*, 49 AD3d 503, 504 [2008]; *see also Euvino v Loconti*, 67 AD3d 629, 631 [2009]; *Felder v Wank*, 227 AD2d 442 [1996]; *cf. Melendez v American Airlines*, 290 AD2d 241, 242 [2002]; *Mikolajczyk v Morgan Contrs.*, 273 AD2d 864, 864 [2000]). Moreover, the defendant made a prima facie showing of entitlement to judgment as a matter of law by submitting the injured plaintiff's deposition testimony, which demonstrated that he was unable to identify any defect which caused him to fall (*see Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015, 1015 [2008]; *Curran v Esposito*, 308 AD2d 428, 429 [2003]; *see also Rodriguez v Cafaro*, 17 AD3d 658, 658 [2005]; *Tresgallo v Danica*, 286 AD2d 326 [2001]).

In opposition, the plaintiffs raised a triable issue of fact as to whether the landlord retained control over the premises and, thus, could be held liable for injuries caused by a defective condition that was created by the defendant or of which it had actual or constructive notice (*see Nelson v Cunningham Assoc., L.P.*, 77 AD3d 638, 639 [2010]). The plaintiffs, however, failed to show what defect, if any, caused the accident. Accordingly, that branch of the defendant's motion which was for summary judgment dismissing the complaint should have been granted (*see Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d at 1015; *Pluhar v Town of Southampton*, 29 AD3d 975, 975 [2006]; *Rodriguez v Cafaro*, 17 AD3d at 658).

The parties' remaining contentions have been rendered academic by our determination or are without merit. Covello, J.P., Belen, Hall and Cohen, JJ., concur.