■ LUCILLE THOMPSON, Respondent, v COMMACK MULTIPLEX CINEMAS et al., Appellants. [921 NYS2d 304]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated November 9, 2009, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell on exterior steps at the defendants' movie theater. She commenced this action against the defendants, alleging that the steps were in a dangerous condition because of, inter alia, shoddy repair work and loose concrete. The defendants moved for summary judgment dismissing the complaint, contending, among other things, that there was no causal link between their alleged negligence and the plaintiff's fall. The Supreme Court denied the motion. We reverse.

The defendants made a prima facie showing of their entitlement to judgment as a matter of law by submitting, inter alia, the plaintiff's deposition testimony, wherein she admitted that she did not know the cause of her accident, or what caused her to lose her balance and fall (see Cangro v Noah Bldrs., Inc., 52 AD3d 758, 759 [2008]; Plowden v Stevens Partners, LLC, 45 AD3d 659, 660 [2007]; Sanchez v City of New York, 305 AD2d 487 [2003]). While the plaintiff also testified at her deposition that there were fragments of loose concrete and repair patches on the step from which she allegedly fell, and the plaintiff's husband testified at his deposition that the steps were cracked and chipped, a determination that these alleged defects were the proximate cause of the plaintiff's accident, rather than a misstep or loss of balance, would be speculative (see Corrado v Vath, 70 AD3d 624, 625 [2010]; Rodriguez v Cafaro, 17 AD3d 658 [2005]). "[P]roximate cause may be inferred from the facts and circumstances underlying the injury" only when the evidence is "sufficient to permit a finding based on logical inferences from the record and not upon speculation alone" (Hartman v Mountain Val. Brew Pub, 301 AD2d 570, 570 [2003]).

In opposition, the plaintiff failed to raise a triable issue of fact (see Fox v Watermill Enters., Inc., 19 AD3d 364 [2005]). The plaintiff submitted the affidavit of an engineering expert, who opined that the loose fragments of concrete, among other things, would foreseeably lead to an accident, and that the steps violated several building code provisions. Since the plaintiff did not know what caused her to fall, it would be speculative to conclude that any of the alleged defects or violations proffered in the engineer's affidavit proximately caused the plaintiff's fall (see Murphy v New York City Tr. Auth., 73 AD3d 1143, 1144 [2010]). Furthermore, the plaintiff's correction sheet to her deposition testimony, which, without any explanation, indicated that she remembered slipping on loose fragments of concrete and uneven tread, and falling because the stairs were not maintained properly, presented feigned issues of fact "tailored to avoid the consequences of her earlier testimony and are, therefore, insuf-

ficient to raise a triable issue of fact" (*Smith v Costco Wholesale Corp.*, 50 AD3d 499, 501 [2008]).

Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Belen and Chambers, JJ., concur.