■ Lynn Kloepfer, Appellant, v Pantelis Aslanis et al., Respondents. [966 NYS2d 151]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated February 23, 2012, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured in a house owned by the defendants when he slipped or tripped and fell while descending the staircase leading from his first-floor apartment to the basement.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating, through the plaintiff's deposition testimony, that he could not identify what caused him to fall (*see Dennis v Lakhani*, 102 AD3d 651, 652 [2013]; *Miles v County of Dutchess*, 85 AD3d 878, 878 [2011]; *Aguilar v Anthony*, 80 AD3d 544, 545 [2011]; *Plowden v Stevens Partners, LLC*, 45 AD3d 659 [2007]).

In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted an affidavit from an engineer who asserted that the staircase violated several provisions of the New York State Uniform Fire Prevention and Building Code, including a provision requiring a railing on the open side of the staircase, the plaintiff presented no evidence connecting these alleged violations to his fall. Thus, it would be speculative to assume that these alleged violations were a proximate cause of the accident (*see Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930 [2011]; *Murphy v New York City Tr. Auth.*, 73 AD3d 1143, 1144 [2010]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015, 1015-1016 [2008]; *Plowden v Stevens Partners, LLC*, 45 AD3d at 660).

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Austin and Roman, JJ., concur.