In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (Nahman, J.), entered December 15, 2011, as granted that branch of the motion of the defendant 16302 Jamaica Avenue, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed insofar as appealed from, with costs to the defendant 16302 Jamaica Avenue, LLC.
The plaintiff allegedly sustained personal injuries when he caught his heel on defective nosing, that is, the horizontally projecting edge of a stair tread, causing him to fall down basement stairs in premises leased by the defendant Margherita Pizza NY Corp. from the defendant 16302 Jamaica Avenue, LLC (hereinafter 16302 Jamaica), which did not remain in possession of the premises.
An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 15 [2011]; see also Euvino v Loconti, 67 AD3d 629, 631 [2009]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d 653 [2008]; Conte v Frelen Assoc., LLC, 51 AD3d 620 [2008]).
Here, 16302 Jamaica established its prima facie entitlement to judgment as a matter of law by demonstrating that it was an out-of-possession landlord, and was not obligated to repair or maintain the premises (see He Shang Wang v 82-90 Broadway Realty Corp., 82 AD3d 1158, 1159 [2011]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d at 653; Kane v Port Auth. of *853 N.Y. & N.J., 49 AD3d 503, 504 [2008]; Couluris v Harbor Boat Realty, Inc., 31 AD3d 686, 687 [2006]). Contrary to the plaintiffs contention, in opposition to the motion, he failed to raise a triable issue of fact as to whether 16302 Jamaica violated a statutory provision obligating 16302 Jamaica to make repairs (see McElroy v Bernstein, 72 AD3d 757, 758 [2010]; Robinson v M. Parisi & Son Constr. Co., Inc., 51 AD3d at 653-654), since the statutory provision that the plaintiffs first supplemental bill of particulars alleged was violated—Administrative Code of the City of New York § 27-375 — did not apply to the subject stairs (see Cusumano v City of New York, 15 NY3d 319, 324-325 [2010]; Maksuti v Best Italian Pizza, 27 AD3d 300, 300-301 [2006]).
The plaintiffs contention that the Supreme Court should have granted his cross motion for leave to supplement or amend his bill of particulars is not properly before this Court, as his notice of appeal expressly limited his appeal to the portion of the Supreme Court’s order granting that branch of 16302 Jamaica’s motion which was for summary judgment dismissing the complaint insofar as asserted against it (see CPLR 5515 [1]; Matter of Selena S. [Edward J.B.], 106 AD3d 1017 [2013]).
Although the plaintiff contends on appeal that 16302 Jamaica violated other provisions of the Administrative Code of the City of New York that imposed a statutory duty upon it to make repairs or maintain the premises in a safe condition, the plaintiff, in response to 16302 Jamaica’s demand for a bill of particulars, failed to identify these provisions either in his initial bill of particulars, his first supplemental bill of particulars, or his second supplemental bill of particulars. Thus, 16302 Jamaica was never placed on notice during the course of discovery that the plaintiff would rely upon these additional provisions of the Administrative Code as a predicate for its liability. Under these circumstances, the Supreme Court did not improvidently exercise its discretion in declining to allow the plaintiff to rely on those Administrative Code provisions in opposing 16302 Jamaica’s motion for summary judgment (see generally Noller v Peralta, 94 AD3d 833, 834 [2012]).
Accordingly, the Supreme Court properly granted that branch of 16302 Jamaica’s motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Motion by the defendant Margherita Pizza NY Corp. on an appeal from an order of the Supreme Court, Queens County, entered December 15, 2011, inter alia, to strike point II of the appellant’s brief on the ground that the appellant raised issues *854 not properly before this Court. By decision and order on motion of this Court dated December 7, 2012, that branch of the motion which was to strike point II of the appellant’s brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof. By decision and order on application dated February 27, 2013, the application of the defendant Margherita Pizza NY Corp. to withdraw its then-pending cross appeal from the order entered December 15, 2011, was granted, and the cross appeal was deemed withdrawn.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is,
Ordered that the branch of the motion which was to strike point II of the appellant’s brief is granted, and point II of the appellant’s brief is deemed stricken and has not been considered in the determination of the appeal.
Rivera, J.E, Lott, Sgroi and Miller, JJ., concur.