■ Karen Maglione, Appellant, v Seabreeze By Water, Inc., Respondent, and Drake Ave. Marina, Inc., Doing Business as Wright Island Marina, et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Third-Party Defendants. [984 NYS2d 132]—

In an action to recover damages for personal injures, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered June 20, 2012, as granted that branch of the motion of the defendants Drake Ave. Marina, Inc., doing business as Wright Island Marina, and Drake Avenue Associates, JV, which was for summary judgment dismissing the complaint insofar as asserted against them, and as granted the cross motion of the defendant Seabreeze by the Water, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellant to the respondents appearing separately and filing separate briefs.

The plaintiff commenced this action after she allegedly was injured when she fell down an exterior stairway providing access to a restaurant in New Rochelle. The restaurant was operated by the defendant, Seabreeze by the Water, Inc. (hereinafter Seabreeze), and located in a building owned by the defendants/third-party plaintiffs, Drake Ave. Marina, Inc., doing business as Wright Island Marina, and Drake Avenue Associates, JV (hereinafter together the Drake defendants). The Drake defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, and Seabreeze crossmoved for summary judgment dismissing the complaint insofar as asserted against it. In support of their respective motion and cross motion, the Drake defendants and Seabreeze contended that the plaintiff could not identify the cause of her accident. The Supreme Court granted that branch of the Drake defendants' motion which was for summary judgment and granted Seabreeze's cross motion for summary judgment.

The Drake defendants and Seabreeze made a prima facie

showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by submitting, inter alia, the plaintiff's deposition testimony, wherein she testified that she did not know what caused her to fall and stated that she "pitch[ed]" forward (*see Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930 [2011]; *Reiff v Beechwood Browns Rd. Bldg. Corp.*, 54 AD3d 1015, 1015 [2008]; *Plowden v Stevens Partners, LLC*, 45 AD3d 659, 660 [2007]; *Birman v Birman*, 8 AD3d 219, 219 [2004]). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted the affidavit of an expert who opined that the subject stairs were built in violation of the New Rochelle Building Code since, inter alia, the steps were sloped forward more than 2% and the handrail was lower than required. However, the plaintiff did not testify that she fell because of the slope of the steps or because she was unable to grasp the handrail due to its height. Consequently, the plaintiff failed to present evidence to connect the alleged building code violations to her fall (*see Thompson v Commack Multiplex Cinemas*, 83 AD3d at 930; *Lee v Port Chester Costco Wholesale*, 82 AD3d 842, 843 [2011]; *Guiterrez v Iannacci*, 43 AD3d 868, 868 [2007]; *Birman v Birman*, 8 AD3d at 220; *Amadio v Pathmark Stores*, 253 AD2d 834, 835 [1998]).

Accordingly, the Supreme Court properly granted that branch of the Drake defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and properly granted Seabreeze's motion for summary judgment dismissing the complaint insofar as asserted against it.

We have not considered the contentions raised by the third-party defendant Geraldine De Fedela, as she neither opposed nor joined in the motion or cross motion at issue on appeal. Mastro, J.P., Lott, Sgroi and LaSalle, JJ., concur.