■ DANIEL BARDALES, Appellant, v VAM REALTY CORP., Defendant/Third-Party Plaintiff-Respondent. LA BOTTEGA OF HUNTINGTON, LLC, Third-Party Defendant-Respondent. [998 NYS2d 650]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated January 29, 2013, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The defendant established its entitlement to judgment as a matter of law dismissing the complaint through the submission of, among other things, the plaintiff's deposition testimony, which established that he was unable to identify the cause of his fall. While the plaintiff testified that the staircase handrail ended before the last step, a determination that this, or any of the other alleged defects in the staircase, was the proximate cause of the plaintiff's accident, rather than a misstep or loss of balance, would be speculative (*see Alabre v Kings Flatland Car Care Ctr., Inc.*, 84 AD3d 1286, 1287 [2011]; *Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930 [2011]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434, 435 [2006]; *Rodriguez v Cafaro*, 17 AD3d 658, 658 [2005]; *Birman v Birman*, 8 AD3d 219 [2004]). Moreover, since the plaintiff was carrying a pot weighing at least 35 to 40 pounds with both hands as he descended the staircase, any alleged defect in the handrail was not a proximate cause of the fall (*see Plowden v Stevens Partners, LLC*, 45 AD3d 659, 660-661 [2007]; *Pancella v County of Suffolk*, 16 AD3d 566 [2005]; *Daria v Beacon Capital Co.*, 299 AD2d 312, 312 [2002]; *see also Ridolfi v Williams*, 49 AD3d 295, 296 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Kloepfer v Aslanis*, 106 AD3d 956, 956-957 [2013]; *Murphy v New York City Tr. Auth.*, 73 AD3d 1143, 1144

[2010]). The plaintiff's affidavit presented what clearly appeared to be feigned issues of fact designed to avoid the consequences of his earlier deposition testimony, and thus was insufficient to defeat the defendant's motion (*see Rivera v J. Nazzaro Partnership, L.P.*, 122 AD3d 826, 827 [2014]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.