■ THEODORE MILAN, Appellant, v YONKERS RACEWAY CORP. et al., Respondents, et al., Defendants. [15 NYS3d 702]—In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Tolbert, J.), entered December 21, 2012, which, upon the granting of that branch of the motion of the defendants Yonkers Raceway Corp. and Yonkers Raceway Programs, Inc., which was pursuant to CPLR 4401 for judgment as a matter of law dismissing so much of the complaint insofar as asserted against them as was based on the theory that they were negligent in providing a handrail on only one side of an interior

staircase at their premises, made at the close of the plaintiff's case, and upon a jury verdict in favor of those defendants on the remaining theory of negligence, is in favor of those defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the motion of the defendants Yonkers Raceway Corp. and Yonkers Raceway Programs, Inc., which was pursuant to CPLR 4401 for judgment as a matter of law dismissing so much of the complaint insofar as asserted against them as was based on the theory that they were negligent in providing a handrail on only one side of an interior staircase at their premises. Under the circumstances of this case, it would have been sheer speculation for a jury to find that the presence of a handrail on the other side of the staircase would have prevented the plaintiff's fall (*see Tutunjian v Cove Landing on Sound Homeowners Assn., Inc.*, 38 AD3d 531, 531 [2007]; *Hyman v Queens County Bancorp*, 307 AD2d 984, 986-987 [2003], *affd* 3 NY3d 743 [2004]; *see also Piatek v New York City Tr. Auth.*, 14 AD3d 685, 686 [2005]; *cf. Scala v Scala*, 31 AD3d 423, 425 [2006]; *Hotzoglou v Hotzoglou*, 221 AD2d 594, 594 [1995]; *Portilla v Rodriguez*, 179 AD2d 631, 631 [1992]).

The plaintiff's remaining contention is without merit (*see S.L. Benfica Transp., Inc. v Rainbow Media, Inc.*, 13 AD3d 348, 349 [2004]; *Sackman-Gilliland Corp. v Senator Holding Corp.*, 43 AD2d 948, 949 [1974]; *cf. Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]). Leventhal, J.P., Miller, Hinds-Radix and Maltese, JJ., concur.