■ Laura J. Amster, Appellant, v Gary Kromer et al., Respondents. [54 NYS3d 103]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Mahon, J.), entered December 17, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On September 15, 2012, the plaintiff allegedly was injured when she fell while descending the steps on the front stoop of premises that she leased from the defendants. The plaintiff subsequently commenced this personal injury action, alleging that she was caused to "trip and fall by a dangerous, hazardous, and unsafe defective condition." Following discovery, the defendants moved for summary judgment dismissing the complaint, contending that the plaintiff could not identify the cause of her fall. The Supreme Court granted the motion, and the plaintiff appeals.

In a slip- or trip-and-fall case, a defendant may establish its prima facie entitlement to judgment as a matter of law by submitting evidence that the plaintiff cannot identify the cause of his or her fall (see Gotay v New York City Hous. Auth., 127 AD3d 693, 694 [2015]; Patrick v Costco Wholesale Corp., 77 AD3d 810, 810-811 [2010]). Indeed, "a plaintiff's inability to identify the cause of the fall is fatal to the cause of action, because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Rivera v J. Nazzaro Partnership, L.P., 122 AD3d 826, 827 [2014]; see Bryant v Loft Bookstore Caffe, LLC, 138 AD3d 664, 665 [2016]; Ash v City of New York, 109 AD3d 854, 855 [2013]; Louman v Town of Greenburgh, 60 AD3d 915, 916 [2009]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, the plaintiff's deposition testimony, which demonstrated that she could not identify the cause of her fall (see Cohen v A.C.E. Rest. Group of N.Y., LLC, 140 AD3d 1111 [2016]; Ackerman v Iskhakov, 139 AD3d 987, 988 [2016]; Patrick v Costco Wholesale Corp., 77 AD3d at 810-811; Hunt v Meyers, 63 AD3d 685, 685 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact. Although the plaintiff submitted an expert affidavit from an engineer who asserted that the stairs violated several provisions of the "New York State Building

Construction Code," the plaintiff presented no evidence connecting these alleged violations to her fall. Thus, even assuming that an applicable code provision was violated, it would be speculative to assume that any such violation was a proximate cause of the accident (*see Kloepfer v Aslanis*, 106 AD3d 956, 957 [2013]; *Thompson v Commack Multiplex Cinemas*, 83 AD3d 929, 930 [2011]; *Plowden v Stevens Partners, LLC*, 45 AD3d 659, 660-661 [2007]; *Guiterrez v Iannacci*, 43 AD3d 868 [2007]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.