Aristizabal v Kostakopoulos (2018 NY Slip Op 01895)





Aristizabal v Kostakopoulos


2018 NY Slip Op 01895


Decided on March 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
BETSY BARROS, JJ.


2016-12282
 (Index No. 7110/14)

[*1]Fabiola Aristizabal, appellant,
v Peter S. Kostakopoulos, et al., respondents.


Mitchell Dranow, Sea Cliff, NY, for appellant.
Rebore, Thorpe & Pisarello, P.C., Farmingdale, NY (Christine M. Gibbons of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), dated October 21, 2016, which granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On December 19, 2013, the plaintiff allegedly sustained injuries when she fell while ascending the interior staircase of the defendants' building. In May 2014, the plaintiff commenced this action against the defendants. After discovery, the defendants moved for summary judgment dismissing the complaint, contending that the plaintiff could not identify the cause of her fall. The Supreme Court granted the motion, and the plaintiff appeals.
A defendant landowner moving for summary judgment dismissing a complaint in a slip- or trip-and-fall action can meet its initial burden by demonstrating that the plaintiff did not know what caused him or her to fall (see Amster v Kromer, 150 AD3d 804; Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d 963, 964; Dennis v Lakhani, 102 AD3d 651, 652). A plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (see Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d at 964; Dennis v Lakhani, 102 AD3d at 652).
Here, the defendants established their prima facie entitlement to judgment as a matter of law by submitting, among other things, the plaintiff's deposition testimony, which demonstrated that she could not identify the cause of her fall (see Amster v Kromer, 150 AD3d 804; Kudrina v 82-04 Lefferts Tenants Corp., 110 AD3d at 964; Kloepfer v Aslanis, 106 AD3d 956; Dennis v Lakhani, 102 AD3d at 652). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., AUSTIN, SGROI and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court