Rinker v 55 Motor Ave. Co., LLC (2019 NY Slip Op 04796)





Rinker v 55 Motor Ave. Co., LLC


2019 NY Slip Op 04796


Decided on June 13, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 13, 2019

526235

[*1]DEE RINKER et al., Respondents,
v
55 MOTOR AVENUE CO., LLC, et al., Appellants.

Calendar Date: April 30, 2019

Before: Garry, P.J., Clark, Mulvey, Devine and Pritzker, JJ.


Dixon & Hamilton, LLP, Getzville (Michael B. Dixon of counsel), for appellants.
Finkelstein & Partners, LLP, Newburgh (Ann R. Johnson of counsel), for respondents.



MEMORANDUM AND ORDER
Clark, J.
Appeal from an order of the Supreme Court (Dowd, J.), entered June 5, 2017 in Chenango County, which denied defendants' motion to preclude.
Plaintiff Dee Rinker and her spouse, derivatively, commenced this negligence action seeking to recover damages for injuries that she allegedly sustained on February 20, 2014 when she slipped and fell on ice in the parking lot of a shopping center. Following joinder of issue, defendants made several discovery demands, including a request for all photographs taken of the accident scene. Plaintiffs provided defendants with 11 photographs taken in June 2014 and, during Rinker's deposition in January 2017, provided another four photographs. Plaintiffs' attorney also indicated during the deposition that additional photographs had been taken of the accident scene a few days prior to the deposition and provided those photographs to defendants one week later. Defendants then moved to preclude plaintiffs from using the photographs provided after the deposition "for any purpose." Supreme Court denied defendants' motion, prompting this appeal.
"Trial courts have broad discretion in supervising the discovery process, and this Court generally will decline to interfere with the resolution of such disputes absent a clear abuse of that discretion" (Mary Imogene Bassett Hosp. v Cannon Design, Inc., 84 AD3d 1543, 1544 [2011] [citation omitted]; see Graham v New York State Off. of Mental Health, 154 AD3d 1214, 1217 [2017]). We discern no abuse of discretion here. As Supreme Court correctly concluded, because the photographs were taken in a public parking lot, plaintiffs were not required to serve defendants with a notice for discovery and inspection pursuant to CPLR 3120 (1) prior to taking the photographs (see Dorsa v National Amusements, 6 AD3d 654, 654 [2004]; Melendez v Food Emporium, 243 AD2d 264, 264-265 [1997]). Additionally, there is nothing in the record to support the conclusion that plaintiffs willfully or deliberately failed to disclose the subject photographs prior to Rinker's deposition, which took place well before the court-ordered discovery deadline (see CPLR 3126; Graham v New York State Off. of Mental Health, 154 AD3d at 1217). Plaintiffs notified defendants of the photographs' existence several days after [*2]they were taken, provided the photographs soon after such notification and afforded defendants an opportunity to further depose Rinker regarding the photographs. Furthermore, contrary to defendants' contention, the fact that the photographs were taken more than three years after the accident does not mandate their preclusion at this early stage of litigation. Rather, the date on which the photographs were taken in relation to the accident raises a question of admissibility, the resolution of which would be premature (see generally Vera v Beth Israel Med. Ctr., 175 AD2d 716, 716-717 [1991]). Accordingly, as Supreme Court properly concluded that the drastic remedy of preclusion is not warranted, we find no basis upon which to disturb the denial of defendants' motion (cf. Silverberg v Community Gen. Hosp. of Sullivan County, 290 AD2d 788, 788-789 [2002]).
Garry, P.J., Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, with costs.