Sanchez-Trujillo v Beach 119, LLC (2024 NY Slip Op 01326)

Sanchez-Trujillo v Beach 119, LLC

2024 NY Slip Op 01326

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
LARA J. GENOVESI
CARL J. LANDICINO, JJ.

2022-05369
 (Index No. 711633/19)

[*1]Angela Sanchez-Trujillo, appellant,
v
Beach 119, LLC, respondent.

The Grigoropoulos Law Group, PLLC, Ridgewood, NY (Madalene Sabino and Chrissy Grigoropoulos of counsel), for appellant.
Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered June 27, 2022. The judgment, upon an order of the same court dated May 24, 2022, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on an interior staircase of an apartment building, which was owned by the defendant. The plaintiff thereafter commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained as a result of the accident. The defendant moved for summary judgment dismissing the complaint. In an order dated May 24, 2022, the Supreme Court granted the defendant's motion. A judgment was entered upon the order in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
The defendant established its prima facie entitlement to judgment as a matter of law by submitting the deposition testimony of the plaintiff, which demonstrated that she could not identify what had caused her to fall without engaging in speculation (see Buckstine v Schor, 213 AD3d 730, 731; Dennis v Lakhani, 102 AD3d 651, 652). In opposition, the plaintiff failed to raise a triable issue of fact. The report of the plaintiff's expert was not in admissible form, and the plaintiff offered no excuse for failing to tender the report in admissible form (see CPLR 2106; Zuckerman v City of New York, 49 NY2d 557, 562). In any event, the report was insufficient to raise a triable issue of fact as to whether the alleged hazardous condition identified therein was a proximate cause of the plaintiff's fall (see Maglione v Seabreeze By Water, Inc., 116 AD3d 929, 930; Thompson v Commack Multiplex Cinemas, 83 AD3d 929, 930).
Accordingly, the judgment is affirmed.
LASALLE, P.J., CONNOLLY, GENOVESI and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court